## S91A0308. RUSSELL v. CITY OF EAST POINT.

(403 SE2d 50)

CLARKE, Chief Justice.

Larry Russell was convicted in the City Court of East Point of violating city ordinances by keeping six derelict vehicles and by allowing weeds, litter and debris to accumulate on his property. On appeal, he raises various errors of the trial court and challenges the constitutionality of the ordinances. The City of East Point moves this court to dismiss the appeal on the ground that there is no right of direct appeal to the Supreme Court from the City Court of East Point. We agree and grant the motion to dismiss.

Russell argues that the judgment of the City Court of East Point is directly appealable to the Supreme Court because Art. VI, Sec. VI, Par. II of the Constitution of Georgia of 1983 gives the Supreme Court exclusive appellate jurisdiction over cases in which the constitutionality of an ordinance is drawn in question. In support of his argument, Russell cites *Kariuki v. DeKalb County*, 253 Ga. 713 (324 SE2d 450) (1985), which held that a direct appeal from the recorder's court to this court was available in cases challenging the constitutionality of an ordinance. We now hold that *Kariuki* is in conflict with other decisions of this court and overrule it.

In *City of Atlanta Bd. of Zoning Adjustment v. Midtown North*, 257 Ga. 496 (360 SE2d 569) (1987), we noted that the provisions of the constitution govern which appellate court has jurisdiction of the subject matter of an appeal, but applicable statutes determine the method of pursuing the appeal. Id. at n. 1. Therefore, although Art. VI, Sec. VI, Par. II of the Constitution of Georgia of 1983 gives the Supreme Court exclusive appellate jurisdiction over cases involving the constitutionality of an ordinance, it does not change the procedure for bringing an appeal before this court. For this reason we held in *Trend Development Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989), that cases challenging the constitutionality of a zoning ordinance must not only be reviewed by the Superior Court, but must also follow the procedure for discretionary review set forth in OCGA § 5-6-35 (a) (1).

The City Court of East Point is not a constitutional court, but is instead a recorder's court of that city created by special act. Ga. L. 1972, pp. 2151, 2195, § 92. No provision of the constitution or laws of the state provides a direct appeal from the recorder's court to this court. See generally OCGA §§ 5-6-34 and 5-6-35. Instead, the proper method of review is by certiorari to the Superior Court. Ga. L. 1972, p. 2151, § 105.

In conclusion, we hold that Art. VI, Sec. VI, Par. II of the Constitution of 1983 dictates that this court, rather than the Court of Appeals, has jurisdiction over the subject matter of this appeal. It does

not, however, create a right of direct appeal from non-constitutional courts and other inferior tribunals. In so holding, we overrule *Kariuki, supra.* This action is therefore dismissed without prejudice to appellant's right to proceed by certiorari to the superior court.

*Appeal dismissed. All the Justices concur, except Bell, J., who dissents.*

DECIDED APRIL 15, 1991 —
RECONSIDERATION DENIED MAY 10, 1991.

*Larry Russell,* pro se.

*Eidson & Talmadge, John E. Talmadge, Peterson, Dillard, Young, Self & Asselin, George P. Dillard,* for appellee.