S92A1522. ZORNES v. THE STATE.

(426 SE2d 355)

</div>

BENHAM, Justice.

Convicted in the Recorder's Court of Gwinnett County of driving under the influence, appellant filed a direct appeal to the Superior

Court of Gwinnett County. That court dismissed the appeal, citing Ga. L. 1972, pp. 3125-3137, § 17, for the proposition that the proper route of appeal from the recorder's court was by certiorari to state court.

1. Appellant contends on appeal that OCGA § 40-13-28, which provides for direct appeal to superior court from traffic convictions in probate courts and municipal courts, is a general law governing appeals from lower courts in traffic cases and that any contrary provision in the local law establishing the Recorder's Court of Gwinnett County is violative of the prohibition in Ga. Const. 1983, Art. III, Sec. VI, Par. IV, against local or special laws enacted in any case for which provision has been made by an existing general law. The fatal flaw in appellant's position is that his basic premise, that OCGA § 40-13-28 applies to appeals from recorder's court, is unsound.

The Court of Appeals clearly established in 1981 that there was no right of direct appeal from recorder's court to superior court and that OCGA § 40-13-28 (then Code Ann. § 92A-510) did not apply to recorder's court. *Henson v. DeKalb County*, 158 Ga. App. 348 (280 SE2d 393) (1981). Appellant argues that *Henson* is no longer good law because of the 1986 amendment to the Code section. Before 1986, the section began, "In case of a conviction of any defendant *in the courts named in this Chapter* he shall have the right to appeal to the superior court." (Emphasis supplied.) The 1986 amendment (Ga. L. 1986, p. 982, § 15) changed that first sentence to read, "Any defendant convicted under this article shall have the right of appeal to the superior court." Appellant insists that the import of that change was to open the right to appeal to superior court to all persons convicted in any lower court of a misdemeanor traffic offense. That argument, however, ignores the clear language establishing the scope of Article 2 of Code Chapter 40-13, the article referred to in OCGA § 40-13-28:

> The probate courts and municipal courts of the incorporated towns and cities of this state, acting by and through the judges or presiding officers thereof, shall have the right and power to conduct trials, receive pleas of guilty, and impose sentence, in the manner required by law, upon defendants violating any and all criminal laws of this state relating to traffic upon the public roads, streets, and highways of this state where the penalty for the offense does not exceed that of the grade of misdemeanor. [OCGA § 40-13-21 (a).]

It may be seen, then, that Article 2 of Code Chapter 40-13 applies only to probate courts and municipal courts and does not have the broad scope attributed to it by appellant. Since the Recorder's Court of Gwinnett County is obviously neither a probate court nor a munici-

pal court, OCGA § 40-13-28 does not apply and is not, therefore, a general law which provides for the jurisdiction of and appellate route from that court. That being so, the local law governing the Recorder's Court of Gwinnett County does not run afoul of the constitutional prohibition against local laws on the same subject as general laws.

2. Appellant insists that the trial court erred in dismissing the appeal rather than transferring it to state court, citing OCGA § 5-3-27:

> No appeal shall be dismissed because of any defect in the notice of appeal, bond, or affidavit of indigence or because of the failure of the lower court, agency, or other tribunal to transmit the pleadings or other record; but the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure the defect.

Even assuming that the cited Code section, which is contained in an article dealing with the right to appeal in civil cases, applies in this case, the defect involved here is not one enumerated in that section. The defect here is that appellant filed an appeal in a court which had no jurisdiction to entertain the appeal. *Henson v. DeKalb County*, supra. The trial court was correct, therefore, in dismissing the appeal. Id.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 18, 1993.

*Donn W. Peevy, G. Wayne Lancaster,* for appellant.
*Gary S. Vey, Solicitor,* for appellee.