A98A2471. EVANS v. THE STATE.
(510 SE2d 619)

MCMURRAY, Presiding Judge.

Defendant, acting pro se, was tried before the trial court and found guilty of disregarding a stop sign in violation of OCGA § 40-6-72 (b). Defendant, acting pro se, filed this appeal after the court's entry of its judgment of her conviction and sentence. *Held*:

1. The State moves to dismiss defendant's appeal for lack of jurisdiction, asserting that defendant "tried to file her appeal on time but did so in the wrong court. . . ."

The record shows that the judgment of defendant's conviction and sentence was entered in the State Court of Cobb County, Georgia, on June 11, 1998, and that defendant's notice of appeal from this judgment was filed less than 30 days later in the State Court of Cobb County on June 30, 1998. Although defendant's notice of appeal designates the wrong appellate court, this error provides no basis for dismissing defendant's appeal. OCGA § 5-6-37 provides that an appeal shall not be dismissed "because of failure to include the jurisdictional statement or because of a designation of the wrong appellate court." Accordingly, the State's motion to dismiss this appeal is hereby denied.

2. Defendant appears to challenge the sufficiency of the evidence in her second and third enumerations of error, arguing that the stop sign she allegedly disregarded was obscured by a tree limb and that the officer who issued her a uniform traffic citation gave inconsistent testimony regarding defendant's on-the-scene statements.

The weight of evidence and credibility of witnesses are matters for the factfinder's determination, not an appellate court. This Court is concerned only with the sufficiency of the evidence. OCGA § 24-9-

80; *Walls v. State*, 233 Ga. App. 601, 604 (4) (504 SE2d 471). In the case sub judice, the officer who issued defendant a uniform traffic citation for running a stop sign testified that he observed defendant run a stop sign that was "clearly visible" to oncoming traffic. This testimony is sufficient to authorize the trial court's finding that defendant is guilty, beyond a reasonable doubt, of disregarding a stop sign in violation of OCGA § 40-6-72 (b). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant contends the officer who issued her a uniform traffic citation "was inappropriate on his approach to [her] car in leaning on the car window." Defendant, however, fails to show, and we cannot perceive, how she was harmed by this alleged error. "Harm as well as error must be shown to warrant a reversal. See *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991)." *Bass v. State*, 208 Ga. App. 859, 861 (3) (432 SE2d 602).

4. Defendant contends in her first enumeration of error that she did not raise objections at trial because the trial court did not inform her that "she had a 'right to object' at trial. . . ." This assertion provides no basis for reversal because, assuming (without deciding) that the trial court did not adequately inform defendant of the hazards of proceeding pro se, defendant fails to show how she was harmed by this alleged error. Defendant's failure to object at trial has not foreclosed this Court's review of any issue defendant raises in the case sub judice. Accordingly, defendant's first enumeration of error provides no basis for reversal. See *Bass v. State*, 208 Ga. App. 859, 861 (3), supra.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 5, 1999.

Valdora W. Evans, *pro se.*

*Barry E. Morgan, Solicitor, Jessica K. Moss, Leann M. MacDougall, Ferdinand M. Viscuse, Assistant Solicitors*, for appellee.