### A00A1054. SMITH v. GWINNETT COUNTY et al.
(542 SE2d 616)

ELLINGTON, Judge.

In August 1997, Grady Smith was convicted in the Recorder's Court of Gwinnett County of violating two county ordinances. Smith

---

[3] *Cooper v. State*, 232 Ga. App. 461, 462-463 (1) (502 SE2d 306) (1998).

appeals from the Gwinnett County State Court's order affirming his convictions.[1] Finding that the state court lacked jurisdiction to consider the convictions, we reverse.

1. In his first enumeration, Smith challenges the jurisdiction of the state court to consider a petition for writ of certiorari from a criminal conviction in the Recorder's Court of Gwinnett County. Smith asserts that the superior court had exclusive jurisdiction to consider the petition.

(a) Initially, we reject the appellees' claim that Smith has waived his opportunity to challenge the state court's jurisdiction. The appellees argue that Smith invoked the jurisdiction of the state court by erroneously filing his petition for writ of certiorari there,[2] then failed to challenge the state court's jurisdiction prior to this appeal.

Although Smith did not challenge subject matter jurisdiction below, a judgment on a matter not within a court's jurisdiction is void, and the issue may not be waived. *Bowers v. Estep*, 204 Ga. App. 615, 616 (1) (420 SE2d 336) (1992). This is true even if the complainant on appeal is the party who filed the petition for writ of certiorari in the wrong court. Therefore, Smith has not waived his opportunity to raise the issue of the state court's jurisdiction on appeal.

(b) In comparing the distribution of appellate jurisdiction between Georgia's state and superior courts, we note that the superior courts have broad appellate jurisdiction. Under OCGA § 15-6-8, superior courts are authorized to "exercise appellate jurisdiction from judgments of the probate or magistrate courts," to exercise general supervision over "all inferior tribunals," and to review and correct the judgments of magistrates, municipal courts, probate courts, "[a]ny inferior judicature," and "any person exercising judicial powers." OCGA § 15-6-8 (3), (4) (A)-(E); see also *Franklin v. Recorder's Court, City of Albany*, 174 Ga. App. 498 (330 SE2d 429) (1985). Further, in 1933, the Georgia Legislature enacted general laws which specifically provided that a party who is dissatisfied with an inferior court's decision may petition the superior court for a writ of certiorari. OCGA § 5-4-3. "The writ of certiorari shall lie for the correction

---

[1] This Court granted Smith's application for discretionary appeal pursuant to OCGA § 5-6-35 (j).

[2] The parties agree that, when challenging his convictions on the county ordinances, Smith relied on a 1972 law creating the Recorder's Court of Gwinnett County, which provided that review of final orders from the court "shall be by certiorari to the State Court of Gwinnett County in the manner prescribed by law for certiorari from justice courts." Ga. L. 1972, pp. 3125, 3131, § 17. The appellees concede that this law is superseded by OCGA § 15-6-8 (4) (C), which grants the superior courts authority to review and correct judgments of inferior judicatures. See Division 1 (b), infra; see also OCGA § 5-4-1 (a); *Cochran v. City of Rockmart*, 242 Ga. 732, 733 (251 SE2d 259) (1978) (once the legislature passed a general law giving superior courts jurisdiction over writs of certiorari from inferior courts, it had no power to pass a special law on the same subject).

of errors committed by any inferior judicatory or any person exercising judicial powers." OCGA § 5-4-1 (a). See Code 1933, § 19-101; *Cochran v. City of Rockmart*, 242 Ga. at 733; see also OCGA §§ 15-6-9 (1); 15-10-65. Based upon these statutes, the Supreme Court of Georgia has ruled that the proper procedure for appealing decisions from a county's recorder's court is by certiorari to the superior court. *Kariuki v. DeKalb County*, 253 Ga. 713, 715 (1) (324 SE2d 450) (1985), overruled on other grounds, *Russell v. City of East Point*, 261 Ga. 213, 214 (403 SE2d 50) (1991).

(c) In contrast to superior courts, state courts are courts of limited jurisdiction with authority to review decisions of other courts *only as provided by law*. OCGA § 15-7-4 (a) (6). In 1977, the legislature provided that the Gwinnett County State Court "shall have jurisdiction as the superior court of *appeals* from the *justice's courts* of said county." (Emphasis supplied.) Ga. L. 1977, pp. 3331, 3333, § 3 (a). By failing to include consideration of petitions for writs of certiorari, this statute excludes such appellate jurisdiction. See *Crews v. Roger Wahl, C.P.A., P.C.*, 238 Ga. App. 892, 896 (2) (520 SE2d 727) (1999) (applying the principles of statutory construction, expressio unius est exclusio alterius (the express mention of one thing implies the exclusion of another) and expressum facit cessare tacitum (if some things are expressly mentioned, the inference is stronger that those omitted were intended to be excluded)).

Further, since 1981, references to "justices of the peace and their courts" in local laws refer to *magistrate courts*, not recorder's courts. OCGA § 15-10-123; see also Ga. Const. 1983, Art. VI, Sec. X, Par. I (6); Ga. L. 1983, p. 884, § 2-1. In fact, recorder's courts are specifically exempted from statutes governing magistrate courts. OCGA § 15-10-122; see also Ga. Const. 1983, Art. VI, Sec. X, Par. I (5), (6).

Accordingly, we find no authority which grants Gwinnett County State Court jurisdiction to consider a petition for writ of certiorari from a conviction in the recorder's court.[3] The state court's judgment is void. *Bowers v. Estep*, 204 Ga. App. at 616 (1).

2. The remaining enumeration of error is moot.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

---

[3] But cf. *Zornes v. State*, 262 Ga. 757 (426 SE2d 355) (1993). In *Zornes v. State*, the defendant filed a direct appeal in the Gwinnett County Superior Court from a DUI conviction in the recorder's court. The Supreme Court of Georgia held that the superior court properly dismissed the appeal for lack of jurisdiction. Id. at 759 (2). Although the Court implied that the state court may have had jurisdiction to consider a petition for writ of certiorari from the recorder's court in the DUI case, it did not decide the issue or address the issues raised in the instant appeal.

DECIDED NOVEMBER 21, 2000.

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*Michael V. Stephens II, Karen G. Thomas,* for appellees.