A00A2498. SMITH et al. v. GWINNETT COUNTY.
(545 SE2d 147)

JOHNSON, Presiding Judge.

A Gwinnett County recorder's court found C. W. Smith and Bobby Cochran guilty of violating a Gwinnett County ordinance. Smith and Cochran appealed the convictions by filing a petition for writ of certiorari in the State Court of Gwinnett County. In the petition, Smith and Cochran raised the sufficiency of the evidence and other grounds. Gwinnett County moved to dismiss the petition. It claimed that Smith and Cochran had failed to assert errors by the trial court with specificity, urged that the correct burden of proof had been applied by the recorder's court, and essentially denied Smith and Cochran's other allegations. After hearing arguments, the state court dismissed the petition without stating its reasons for doing so. Smith and Cochran appeal from that dismissal.

1. Smith and Cochran correctly contend that the state court lacked jurisdiction to consider their petition for writ of certiorari.[1] As this Court recently decided, a state court is without jurisdiction to consider a petition for writ of certiorari from a conviction in the recorder's court.[2] Instead, such an appeal is to be made by writ of certiorari to the superior court.[3] The state court, therefore, lacked jurisdiction over the case.

Where an appeal is filed in a court which has no jurisdiction to entertain it, dismissal is proper.[4] Because the state court dismissed

_____

[1] We note that Smith and Cochran did not waive this argument by filing the petition in the state court; a judgment on a matter not within a court's jurisdiction is void, even if the appellant erroneously filed the petition in that court, and even if he did not challenge jurisdiction below. *Smith v. Gwinnett County*, 246 Ga. App. 865, 866 (1) (542 SE2d 616) (2000).

[2] Id.

[3] Id. at 867 (1) (b); see generally *Henson v. DeKalb County*, 158 Ga. App. 348, 349 (280 SE2d 393) (1981).

[4] *Zornes v. State*, 262 Ga. 757, 759 (2) (426 SE2d 355) (1993); see generally *In the Inter-*

Smith and Cochran's appeal, there was no error.

This Court cannot indulge Smith and Cochran's request that we review the recorder's court decision on the merits. There is no right of direct appeal from a county recorder's court to the Court of Appeals.[5] The recorder's court decision is reviewable only by application for a writ of certiorari in superior court, and review of the superior court's decision thereafter is only by discretionary appeal application to this Court.[6] These procedures have not been followed.

2. In light of the foregoing, Smith and Cochran's enumeration of error concerning the state court's admission of certain evidence is moot.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 7, 2001.

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellants.

*Kristina H. Blum, Melinda K. Wells, Karen G. Thomas, Rosanna M. Szabo,* for appellee.

---

*est of A. D. B.,* 232 Ga. App. 697 (503 SE2d 596) (1998); *Henson,* supra.

[5] *Russell v. City of East Point,* 261 Ga. 213 (403 SE2d 50) (1991).

[6] *Henson,* supra; *Castor v. DeKalb County,* 180 Ga. App. 772 (350 SE2d 487) (1986).