A02A0439. SAWYER v. CITY OF ATLANTA.
(571 SE2d 146)

SMITH, Presiding Judge.

On February 20, 2001, following a trial in the City Court of Atlanta, Stanley J. Sawyer was found guilty of the offenses of operating a vehicle without a valid tag, a violation of OCGA § 40-2-8; no proof of insurance, a violation of OCGA § 40-6-10; and alteration of a Georgia license plate, a violation of OCGA § 40-2-6. On March 21, 2001, acting pro se, Sawyer filed a notice of appeal from the city court's judgment which stated that the Superior Court of Fulton County had jurisdiction over the appeal. On September 28, 2001, the superior court found it was without jurisdiction to hear Sawyer's appeal and dismissed it. Sawyer appeals from this order of dismissal. We find no error and affirm the dismissal.

1. An act of the 1996 General Assembly enacted pursuant to Article VI, Section I of the Constitution of the State of Georgia, as amended and entitled "COURTS — MUNICIPALITIES OF 300,000 POPULATION OR MORE; CITY COURTS HAVING JURISDICTION OVER TRAFFIC LAWS AND ORDINANCES RE-CREATED," Ga. L. 1996, p. 627, established city courts for certain cities, including Atlanta, which have jurisdiction over:

> (1) All crimes and offenses under the laws of the state relating to and regulating traffic, and all other crimes and offenses arising out of the same occurrence as such traffic offense, not above the grade of misdemeanor and not exclusively cognizable in the superior courts; . . . (2) All offenses against the duly enacted laws and ordinances of such city relating to and regulating traffic, and all other offenses against laws and ordinances of such city arising out of the same occurrence as such traffic offense.

Ga. L. 1996, pp. 628-629, § 3. Appellate review is provided in Section 25 of the Act as follows: "(1) By the appropriate appellate court of this state in misdemeanor cases; and (2) By writ of certiorari in the

appropriate superior court in all other cases." Ga. L. 1996, pp. 636-637, § 25; see also OCGA § 5-6-34 (a).

The Georgia Code designates the offenses of operating a vehicle without a valid tag, no proof of insurance, and alteration of a Georgia license plate as misdemeanors. OCGA §§ 40-2-2; 40-2-8; 40-2-6; 40-6-10 (b). Therefore, appellate review in this case would be by notice of appeal to this court.

Sawyer contends the trial court erred in dismissing his action on the ground of lack of jurisdiction and in refusing to transfer the appeal to this court. He contends that the superior court was a proper forum and that even if it was not, the superior court rules[1] provide that the appeal may be transferred when "the court in which the case is pending lacks jurisdiction or venue or both." We do not agree.

OCGA § 5-3-27, part of the article dealing with appeals to superior court, provides that no appeal "shall be dismissed because of any defect in the notice of appeal . . . but the superior court shall at any time permit . . . amendments"; OCGA § 5-6-37, part of the article dealing with appeals to the appellate courts, provides that appeals to the Supreme Court or the Court of Appeals "shall not be dismissed nor denied consideration because of failure to include the jurisdictional statement or because of a designation of the wrong appellate court." The Supreme Court of Georgia has held that, even assuming that OCGA § 5-3-27, "which is contained in an article dealing with the right to appeal in civil cases, applies" in a criminal case, when the defect consists of filing an appeal of a criminal case in a court that has no jurisdiction to entertain the appeal, the trial court is correct in dismissing it. *Zornes v. State*, 262 Ga. 757, 759 (2) (426 SE2d 355) (1993).

In *Zornes*, the defendant was convicted in the Recorder's Court of Gwinnett County of DUI. He filed a direct appeal to the Superior Court of Gwinnett County; the correct procedure would have been to file a petition for writ of certiorari. The superior court dismissed Zornes's appeal for lack of jurisdiction. The Supreme Court affirmed the dismissal, holding that Zornes had filed an appeal in a court having no jurisdiction to entertain it.

This holding has been followed in two recent cases in this court. In *Smith v. Gwinnett County*, 247 Ga. App. 888 (545 SE2d 147) (2001), the appellants appealed their convictions in Gwinnett County Recorder's Court for violating a local ordinance by filing a petition for certiorari in the State Court of Gwinnett County. The county moved

---

[1] As best we can determine, the rule Sawyer refers to is Uniform Superior Court Rule 19.1 (A), which by its terms applies only to civil cases.

to dismiss the petition for lack of jurisdiction, and the state court granted the motion. We affirmed, citing *Zornes*, and reiterating that when an appeal is filed in a court that has no jurisdiction to entertain it, dismissal is proper. Id.

In *Smith v. Gwinnett County*, 246 Ga. App. 865 (542 SE2d 616) (2000), a different Smith also was convicted in the Gwinnett County Recorder's Court of violating two county ordinances. He filed a petition for writ of certiorari in the state court, which affirmed his convictions. He then appealed to this court, arguing that the state court had lacked jurisdiction to entertain his appeal. We agreed, holding that the state court should have dismissed the appellant's petition filed in that court, because the proper appeal procedure was by petition for writ of certiorari in superior court, not state court, and the state court therefore had no jurisdiction to entertain his appeal.

The situation was different in *Adams v. State*, 234 Ga. App. 696 (507 SE2d 538) (1998). In that case, the defendant was convicted in Cobb County State Court of theft by taking. He filed a pro se notice of appeal, incorrectly stating he was appealing to superior court rather than to this court. After amending the notice of appeal several times, each time designating a different court as the appellate court, he finally filed an amended notice of appeal correctly designating this court. The State argued on appeal that Adams's appeal should be dismissed because the amended notice of appeal that correctly designated this court was not timely filed. We held that Adams's initial notice of appeal was timely filed, and he had the right to amend the notice of appeal under OCGA § 5-6-48 (d). His failure to initially name the proper appellate court did not warrant dismissal because he had exercised his right to amend the notice of appeal. Id.

The appeal now before us is similar to that in *Adams* because the notice of appeal was filed in the right court but the wrong court was designated. The crucial difference, however, is that Sawyer did not amend his notice of appeal. The procedural posture of this case is therefore different from that of *Adams*. There, we held that we could consider the substance of Adams's appeal — whether he was properly convicted — because his amended notice of appeal designating the correct court related back to his timely filed original notice of appeal. In this case, in contrast, Sawyer is not appealing his conviction but the superior court's dismissal of his *unamended* notice of appeal.

We hold that the superior court correctly dismissed the appeal. OCGA § 5-6-37, which provides inter alia that no appeal shall be dismissed for designating the wrong appellate court, appears in Chapter 6 of Title 5, entitled "Certiorari and Appeals to Appellate Courts Generally." That chapter deals only with the procedure applicable to appeals to this court and the Supreme Court. Further, only the Supreme Court and the Court of Appeals are mentioned in OCGA

§ 5-6-37. A separate chapter, Chapter 3, deals with appeals to the superior courts. It is clear, therefore, that OCGA § 5-6-37 applies in cases such as *Evans v. State*, 235 Ga. App. 877 (510 SE2d 619) (1999), when an appeal is filed incorrectly in the Supreme Court of Georgia, rather than in this court. We held in *Evans* that under OCGA § 5-6-37, such an error "provides no basis for dismissing defendant's appeal." Id. In contrast, OCGA § 5-6-37 does not apply when the appeal is filed in the superior court but belongs in the Court of Appeals or the Supreme Court.

Similarly, the rules of court cited by Sawyer do not permit the "transfer" of an appeal from a superior or state court to an appellate court. Neither USCR 19.1, permitting transfer to another court in a civil case when venue is improper, nor USCR 19.2, permitting a superior court to continue to preside after granting a change of venue in a criminal case, has any application here. Supreme Court Rules 32 and 35 expressly apply only to the transfer of interlocutory and discretionary appeals between the Supreme Court and the Court of Appeals; this court's Rule 11 (b) and (c) expressly apply only to the transfer of "an appeal or application" between this court and the Supreme Court. Under standard principles of construction, the express mention of particular transfers in the rules implies that other "transfers," such as that contemplated by the dissent, are not authorized.

OCGA § 5-6-34 (a) provides clearly that appeal may be taken to "the Supreme Court and the Court of Appeals from . . . judgments and rulings of . . . the constitutional city courts." Sawyer did not designate either the Supreme Court or the Court of Appeals in his notice of appeal. Although Sawyer could have corrected this error by exercising his right to amend the notice of appeal, he did not do so. Allowing appeals from city courts erroneously taken to the superior courts to be "transferred" to this court when such transfers are not authorized by statute circumvents the statutory scheme intended by the General Assembly and can only engender confusion, and we decline to do so.

2. Because the trial court correctly dismissed the appeal, we need not consider Sawyer's remaining enumerations of error.

*Judgment affirmed. Pope, P. J., Andrews, P. J., Ruffin, Barnes and Ellington, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

I must respectfully dissent because, in my view, a timely filed notice of appeal should be transferred to the appropriate appellate court and not dismissed when the sole defect is the designation of the incorrect appellate court with jurisdiction over the appeal. The cases cited by the majority are not dispositive of the issue before us. In both

*Smith v. Gwinnett County*, 246 Ga. App. 865 (542 SE2d 616) (2000), and *Smith v. Gwinnett County*, 247 Ga. App. 888 (545 SE2d 147) (2001), the issue of transfer was not raised by the appellant on appeal.

> As an intermediate appellate court, we are a court for the correction of errors which are properly preserved below and which are raised in this [C]ourt. It is not the function of this [C]ourt to raise and decide issues not complained of by the parties. It follows that our review of [a] case is limited to those issues properly raised by [appellant] on appeal to this [C]ourt.

(Citations omitted.) *Cole v. State*, 211 Ga. App. 236, 237-238 (438 SE2d 694) (1993). While the issue of transfer was raised by the appellant in *Zornes v. State*, 262 Ga. 757 (426 SE2d 355) (1993), the proper vehicle for appeal in that case was a writ of certiorari, and appellant had filed a notice of appeal. Since appellant had failed to comply with the statutory scheme to perfect a writ of certiorari, there was no viable appeal to transfer.

It seems clear to me from an examination of the cases, statutes, and uniform rules, that the intention of the General Assembly and the Supreme Court is to avoid dismissal of a timely filed appeal because of a defect in the notice of appeal, such as the designation of the wrong appellate court, and to bring about a decision on the merits of the case. See OCGA §§ 5-3-27; 5-6-30; 5-6-37; *Evans v. State*, 235 Ga. App. 877 (510 SE2d 619) (1999); *Adams v. State*, 234 Ga. App. 696 (507 SE2d 538) (1998); Court of Appeals Rule 11 (b) and (c); and Supreme Court Rules 32 and 35. See also Uniform Transfer Rules, 251 Ga. 893, and Uniform Superior Court Rule 19. While these statutes, cases, and rules do not specifically address the transfer of appeals from the superior court to this Court, both this Court and the Supreme Court of Georgia have transferred appeals of civil actions erroneously docketed in each of the respective courts to the superior court which had proper subject matter jurisdiction over the appeal, citing Art. VI, Sec. I, Par. VIII of the Georgia Constitution as authority therefor. See *Bosma v. Gunter*, 258 Ga. 664 (373 SE2d 368) (1988); *MacLellan v. Munford*, 189 Ga. App. 789 (377 SE2d 702) (1989). See also *Walker v. Yarus*, 258 Ga. 346 (369 SE2d 32) (1988). Such constitutional provision directs the transfer of civil cases when jurisdiction or venue lies in a different court. At the trial level, the necessity of treating the transfer of criminal and civil cases differently may be mandated; however, to require a defendant in an appeal of a criminal action, where his liberty interests are at stake, to adhere to a higher appellate procedural standard than is required for

civil appellants would violate both federal and state constitutional mandates of due process and equal protection.

In this case, appellant was proceeding pro se, and the process of appeal from a traffic conviction varies depending on the type of court in which the traffic offense was tried. While the majority asserts that a litigant needs no interpretation to see that OCGA § 5-6-34 (a) provides clearly that an appeal may be taken to the "Supreme Court and the Court of Appeals from . . . judgments and rulings of . . . the constitutional city courts," the procedure for the appeal of a traffic offense conviction is not that clear. Article 2 of Chapter 13 of Title 40 deals with the prosecution of traffic offenses. Within such article, a municipal court is defined and "construed to include municipal courts of the incorporated municipalities of this state." OCGA § 40-13-20. OCGA § 40-13-21 (a) gives municipal courts of incorporated towns and cities, as well as probate courts, the right to conduct the trial of a traffic offense that does not exceed misdemeanor status. OCGA § 40-13-28 provides that a "defendant convicted under this article shall have the right of appeal to the superior court." Nowhere within Article 2 of Chapter 13 of Title 40 does it distinguish that for municipalities with a population of 300,000 or more, our General Assembly has created constitutional city courts with jurisdiction over traffic offenses that do not exceed misdemeanor status and that such courts have a different method for appellate review. In fact, other than the reference to constitutional city courts under OCGA § 5-6-34 dealing with the type of judgments and rulings deemed directly appealable to the Supreme Court and this Court, there is no reference within the Official Code of Georgia to the appropriate procedure for appellate review of a ruling of a constitutional city court.

The method of appellate review from a constitutional city court is set out only within the Act which established such courts. Such Act's location within the bound volumes of Georgia Laws can only be found by looking in the Index to Local and Special Laws and General Laws of Local Application, Volume 42 of the Official Code of Georgia. The Act is indexed under the headings General Laws of Local Application, Census of 1990, 300,000 OR MORE, City Court (traffic court). See OCGA Volume 42, p. 166 (2001 cumulative supplement). With such confusion, when the sole procedural error is the designation of the wrong appellate court on an otherwise properly filed notice of appeal, the instant appeal, filed pro se, should be transferred and considered on the merits, not dismissed.

DECIDED JULY 30, 2002 —
RECONSIDERATION DENIED SEPTEMBER 9, 2002 — ■

Stanley J. Sawyer, *pro se.*

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General,* for appellee.