# Court of Appeals
# of the State of Georgia

ATLANTA, September 05, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2258.  G. D. EVANS & ASSOCIATES, LLC et al. v. 84 LUMBER COMPANY, L. P.**

In a breach of contract action filed in the State Court of Fulton County, 84 Lumber Company, L. P., (the plaintiff) obtained a default judgment against G. D. Evans & Associates, LLC and Gregory B. Evans (collectively, the defendants).  When the defendants failed to cooperate with post judgment discovery, the plaintiff filed a motion for contempt and attorney fees.[1]  The court granted the motion, but reserved the issue of attorney fees.  The defendants filed a notice of appeal from this ruling.[2]

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995).  Because the state court reserved the issue of attorney fees to be awarded pursuant to the contract, the case remains pending below. See *CitiFinancial Services, Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); compare *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time

---

[1] The contract allegedly breached contains an attorney fee clause.

[2] The defendants directed the notice of appeal to the superior court, which transferred the matter to this Court.  We assume that such transfer order was proper. See Ga. Const. of 1983, Art. VI, Sec. 1, Par. III; but see *Sawyer v. City of Atlanta*, 257 Ga. App. 324, 325-326 (1) (571 SE2d 146) (2002) (criminal appeal improperly filed in superior court subject to dismissal rather than transfer).

for filing notice of appeal). The order appealed from is thus non-final, and the defendants were required to follow the interlocutory application procedures in OCGA § 5-6-34 (b). See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007); *Northen v. Mary Anne Frolick & Assoc.*, 235 Ga. App. 804, 806 (1) (510 SE2d 122) (1998). Their failure to do so deprives this Court of jurisdiction over the appeal, which is hereby DISMISSED.[3]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/05/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] We note that the defendants filed a motion to set aside under OCGA § 9-11-60 (d), which the trial court denied by separate order. To the extent the defendants seek to appeal this order, they were required to comply with the discretionary application procedure. See OCGA § 5-6-35 (a) (8).