**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 28, 2021**

# In the Court of Appeals of Georgia

A21A0588. SPENCE v. DEPARTMENT OF BEHAVIORAL HEALTH AND DEVELOPMENTAL DISABILITIES. DO-025

A21A0799. IN RE JERMAINE E. SPENCE. DO-034

DOYLE, Presiding Judge.

Jermaine E. Spence was involuntarily committed as an inpatient at a hospital. In Case No. A21A0799, he appeals from a superior court order dismissing his appeal of probate court ordersfor involuntary commitment. In Case No. A21A0588, Spence appeals from the same superior court order also dismissing his appeal of an administrative decision continuing his involuntary hospitalization. For the reasons that follow, we affirm in each case.[1]

---

[1] We note that Spence is proceeding pro se, his filings are handwritten and difficult to comprehend, and it is not entirely clear which decision – the administrative order or the probate court order – are appealed in each of the instant appeals. Nevertheless, we have endeavored to ascertain the relief he seeks.

The record shows that the Georgia Department of Behavioral Health and Developmental Disabilities ("the Department") sought an order of continued hospitalization of Spence pursuant to OCGA § 37-3-83. On April 18, 2019, the Probate Court of Muscogee County entered an order for involuntary treatment. On July 3, 2019, the same court entered an order continuing his involuntary inpatient commitment and permitting Spence's forcible medication. Spence appealed the probate court decisions, designating the superior court as the proper appellate court, which notices he amended multiple times.

On November 19, 2019, an administrative law judge ("ALJ") with the Office of State Administrative Hearings ("OSAH") entered an order for Spence's involuntary inpatient commitment, finding that he "is incapable of properly caring for himself so as to create an imminently life-endangering crisis of readmission without appropriate supports as a result of his mental illness and lack of poor [sic] insight into his condition." On December 16, 2019, Spence filed with the Department a notice of appeal to the Superior Court of Muscogee County.

On August 27, 2020, the superior court entered an order (1) dismissing Spence's appeal of the November 2019 OSAH order, finding that the court lacked jurisdiction because Spence did not file his notice of appeal until July 13, 2020, more

2

than 30 days after the OSAH decision; and (2) dismissing his appeal of the probate court orders on the ground that the superior court lacked jurisdiction to consider the appeal pursuant to OCGA § 37-3-81. In Case No. A21A0588, Spence filed an application for discretionary review of the dismissal of his appeal of the OSAH decision, which this Court granted; in Case No. A21A0799, Spence directly appeals the dismissal of his appeal of the probate court decisions.

*Case No. A21A0588*

1. *Appeal of the dismissal of Spence's appeal of the OSAH decision.* Spence argues that the superior court erred by dismissing his appeal of the OSAH decision continuing his involuntary hospitalization. We find no basis for reversal.

Pretermitting whether Spence's notice of appeal was timely, the superior court lacked jurisdiction to hear the appeal of the OSAH decision. OCGA § 37-3-150 governs a patient's right to appeal an order of involuntary commitment.[2] OCGA § 37-3-150 provides in relevant part:

> The patient, the patient's representatives, or the patient's attorney *may appeal any order of the probate court or hearing officer rendered in a proceeding under this chapter to the superior court* of the county in

---

[2] See generally *Ga. Mental Health Inst. v. Brady*, 263 Ga. 591, 594 (2) (c) (436 SE2d 219) (1993).

3

which the proceeding was held, except as otherwise provided in Article 6 of Chapter 9 of Title 15, and may appeal any order of the juvenile court rendered in a proceeding under this chapter to the Court of Appeals or the Supreme Court. *The appeal to the superior court shall be made in the same manner as appeals from the probate court to the superior court*, except that the appeal shall be heard before the court sitting without a jury as soon as practicable but not later than 30 days following the date on which the appeal is filed with the clerk of the superior court.[3]

Under the plain terms of this provision, a patient seeking review of an OSAH decision continuing his involuntary hospitalization must follow the same process as an appeal from a probate court order. And while an appeal under OCGA § 37-3-150 generally lies in the superior court, appeals from the Probate Court of Muscogee County, which has a population of more than 90,000, lie in this Court.[4] Therefore, the

---

[3] (Emphasis added.)

[4] See OCGA §§ 15-9-120 (2) (defining "probate court" to mean probate court in a county – like Muscogee – with a population of 90,000 or more); 15-9-123 (a) (providing a right of appeal from a decision of the "probate court" to the Court of Appeals of Georgia or the Supreme Court of Georgia); 5-3-2 (b) (providing that "no appeal from the probate court to the superior court shall lie from any civil case in a probate court which is provided for by Article 6 of Chapter 9 of Title 15"); https://www.census.gov/quickfacts/muscogeecountygeorgia (listing Muscogee County's population as of the 2010 census as 189,885).

superior court lacked jurisdiction to consider Spence's appeal of the OSAH decision, and we affirm the court's dismissal of Spence's appeal.[5]

*Case No. A21A0799*

2. *Appeal of the dismissal of Spence's appeal of the probate court orders.* Spence also argues that the superior court erred by dismissing his appeal of the probate court orders. This argument is without merit.

As explained in Division 1, Spence's appeal of the probate court orders for involuntary hospitalization is governed by OCGA § 37-3-150, and the superior court

---

[5] See *Sawyer v. City of Atlanta*, 257 Ga. App. 324, 327 (571 SE2d 146) (2002), (holding that dismissal, rather than transfer to this Court, is proper when appeals are erroneously taken to the superior court because OCGA § 5-6-37, which prohibits the dismissal of an appeal based on a wrong appellate court designation, "does not apply when the appeal is filed in superior court but belongs in the Court of Appeals or the Supreme Court"), cert. denied Nov. 25, 2002.

did not have jurisdiction to consider Spence's appeal of the decisions of the Muscogee County Probate Court.[6] Therefore, dismissal of the appeal was proper.[7]

*Judgment affirmed. Reese and Brown, JJ., concur.*

---

[6] See OCGA §§ 15-9-120 (2); 15-9-123 (a); 5-3-2 (b). We note that pursuant to 5-6-38 (d), an appellant may amend a timely notice of appeal to designate the correct appellate court before the court designated in the original notice enters judgment. See *Adams v. State*, 234 Ga. App. 696, 696-697 (1) (507 SE2d 538) (1998). Here, Spence amended his notice of appeal to designate this Court as the proper appellate court, but he did not do so until *after* the superior court entered its order dismissing his appeal. Therefore, his amendments are of no effect.

[7] We note that Spence has failed to include in the appellate record the transcripts of hearings before the ALJ and the probate court, which are necessary for review of Spence's substantive arguments. Therefore, even if Spence had filed his appeals in this Court, we would affirm the decisions of OSAH and the probate court. See *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988) ("[I]n the absence of a transcript or other appropriate substitute, OCGA. § 5-6-41 (g), an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence [because] there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, [and therefore], we are constrained to affirm the superior court's order [retaining a patient for involuntary treatment].") (punctuation omitted).