**SECOND DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 23, 2026

# In the Court of Appeals of Georgia

A25A1875. CLARK v. GUNN et al.

MCFADDEN, Presiding Judge.

Stephanie Clark filed a pro se petition for review in the Douglas County Superior Court from a final order of the Douglas County Probate Court, seeking appellate review of the probate court's appointment of a guardian and conservator for an adult ward and requesting that the entire probate court record be transmitted to the superior court. The superior court dismissed the appeal based on lack of jurisdiction, finding that jurisdiction for the appeal lies in this court and denying Clark's request to transfer the case to this court. Clark appeals, conceding that the superior court correctly found that appellate jurisdiction lies in this court, but asserting that the court should have transferred the case here instead of dismissing it. Because our state

Constitution and a corresponding statute required transfer, we agree with Clark's assertion. So we vacate the dismissal order and remand the case with direction for the superior court to transfer the appeal to this court with the full appellate record, including the requested probate court record. In doing so, we must disapprove a prior opinion of this court which held that, under similar circumstances, dismissal was appropriate. [1]

1. *Appellate jurisdiction*

Clark does not challenge the superior court's finding that it lacked jurisdiction over the appeal because such jurisdiction lies in this court. Indeed, a superior court does not have appellate jurisdiction over "[a] civil case in an Article 6 probate court[.]" OCGA § 5-3-4 (b) (6). "'Article 6 probate court' means a probate court with expanded jurisdiction as provided in Article 6 of Chapter 9 of Title 15." OCGA § 5-3-3 (1). That Article provides that such a probate court "means a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future census in which the judge thereof has

---

[1] We have circulated this decision amongst all nondisqualified judges of the court to consider whether this case should be passed upon by all members to the Court. Fewer than the required number of judges, however, voted in favor of considering this case en banc.

been admitted to the practice of law for at least seven years." OCGA § 15-9-120 (2). Such an Article 6 "probate court's decision[s] may be appealed straight to an appellate court. See OCGA § 15-9-123 (a) [(authorizing direct appeal to the Supreme Court or Court of Appeals from decisions by an Article 6 probate court)]." *Ellis v. Johnson*, 291 Ga. 127, 128 (1) n.1 (728 SE2d 200) (2012). By contrast, if a probate court is not an Article 6 probate court because it does not meet the population threshold, that "probate court's decision[s] may be appealed to the superior court for a de novo proceeding, . . . followed by a potential appeal to an appellate court. See OCGA §§ 5-3-2 [et seq]." *Ellis*, supra.

In the instant case, Clark concedes that the superior court correctly found that the Douglas County Probate Court, which is in a county with a population of more than 90,000 people,[2] is an Article 6 probate court, and that Clark therefore should have directly appealed from the probate court's final order to this court. See *In re Bruni*, 369 Ga. App. 488, 490 (3) (893 SE2d 862) (2023) (holding that final orders of probate courts of counties with a population of more than 90,000 persons are directly appealable to the Court of Appeals under OCGA §§ 15-9-120 (2) and 15-9-123 (a)).

---

[2] https://www.census.gov/quickfacts/douglascountygeorgia (showing Douglas County's population as 144,237 as of the 2020 census)

But she contends that the superior court then erred in dismissing the case instead of granting her request to transfer it to this court for appellate review. We agree.

3. *Transfer*

"The Georgia Constitution requires that 'any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.' Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII." *Laster v. Nat'l Collegiate Student Loan Trust 2005-3*, 328 Ga. App. 542 (762 SE2d 430) (2014) (punctuation omitted). Our Supreme Court has explained that "[t]he manifest purpose of [this constitutional transfer requirement] is to prevent parties from being penalized when their attorneys, or the parties themselves acting pro se, make a mistake regarding the complex, highly technical rules that govern jurisdiction and venue and inadvertently file a case in the wrong court." *Blackmon v. Tenet Healthsystem Spalding,* 284 Ga. 369, 371 (667 SE2d 348) (2008).

Consistent with this constitutional transfer requirement, OCGA § 5-3-13 (b) also provides:

> Upon a finding by a lower judicatory, a reviewing court, the Court of Appeals, or the Supreme Court that venue is improper or jurisdiction is lacking for any petition for review, the clerk of the applicable court shall promptly transfer a petition for review to a court where venue and

4

jurisdiction are proper in accordance with the rules and procedures applicable to the transferring court.

See *Hart v. State*, 322 Ga. 1, 21 n. 13 (917 SE2d 631) (2025) Pinson, J., concurring (recognizing remedy of transferring improperly docketed cases pursuant to OCGA § 5-3-13 (b)).

Thus, upon finding that it lacked jurisdiction in the instant case, "instead of dismissing [Clark's] appeal, the superior court should have [complied with our state constitutional and statutory requirements, and] transferred the case to this [c]ourt for review." *Laster*, supra. See also *Mabvurunge v. Katsande*, 372 Ga. App. 786 n. 2 (906 SE2d 867) (2024) (if a party appeals the decision of an Article 6 probate court to a superior court, "then the superior court should . . . transfer[] the case to this [c]ourt for a direct appeal rather than rendering a decision in the case"); *Pineda v. Lewis*, 369 Ga. App. 346 n. 1 (893 SE2d 512) (2023) (appellant originally appealed probate court order to the superior court, which properly transferred the case to this court, which had jurisdiction under OCGA §§ 15-9-120 and 123). See also *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988) (where appeal from probate court decision was filed in wrong court, Supreme Court transferred appeal to the appropriate court, citing mandatory transfer provision of Art. VI, Sec. I, Par. VIII).

The appellees have cited *Spence v. Dep't of Behavioral Health & Dev. Disabilities*, 359 Ga. App. 603 (859 SE2d 565) (2021) and *Sawyer v. City of Atlanta*, 257 Ga. App. 324, 327 (1) (571 SE2d 146) (2002), for the proposition that dismissal of Clark's appeal, rather than transfer of the case to this court, was appropriate. *Sawyer* is materially distinguishable from the instant case because it was a criminal case not subject to the constitutional requirement to transfer in civil cases set forth in Art. VI, Sec. I, Par. VIII, and it was decided before the 2022 enactment of OCGA § 5-3-13 (b).

As for *Spence*, we note that it was also decided before the enactment of OCGA § 5-3-13 (b). But like the instant case, it was a civil case involving dismissal of an appeal of Article 6 probate court decisions that was wrongly filed in superior court. *Spence*, supra at 603, 605 (1) & (2). In affirming that dismissal, *Spence* failed to address the constitutional requirement of transfer set forth in Art. VI, Sec. I, Par. VIII. *Spence*, supra at 605 (2). So to the extent that any language in *Spence* can be construed as authorizing dismissal, rather than transfer, of a timely appeal from an Article 6 probate court decision that was incorrectly filed in superior court, such language is disapproved.

"Accordingly, we vacate the order of the superior court dismissing [Clark's] appeal and remand the case to that court so that [her] appeal from the [probate] court, including the [probate court] record [that she asked to be] transmitted to the superior court as part of that appeal, may be transferred to this [c]ourt for appellate review." *Laster*, supra at 543 (footnotes omitted).[3]

*Judgment vacated and case remanded with direction. Gobeil and Davis, JJ., concur.*

---

[3] The appellees claim, without record citation, that a notice of appeal was not properly filed in the probate court. But the record before us contains only the filings in the superior court, which treated Clark's petition as an appeal from the probate court. Without the entire probate court record as requested in Clark's petition, we cannot address that claim.