**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 6, 2026**

# In the Court of Appeals of Georgia

A25A2169. IN RE ESTATE OF FELKER.

BARNES, Presiding Judge.

Ginger Cox appeals from the order of the superior court dismissing her appeal upon finding that it lacked jurisdiction over Cox's appeal from the probate court's judgment. Cox contends that the superior court erred in dismissing her appeal rather than transferring the appeal to the proper court and in concluding that Cox's claims lack justiciable issues of law or fact. For the reasons that follow, we vacate the dismissal order and remand the case with direction for the superior court to transfer the appeal to this Court.

The facts relevant to the disposition of this appeal demonstrate that following the death of Kitty H. Felker, Octavio Perez filed a petition to probate Felker's will in

solemn form. Perez was named the administrator in Felker's will and the beneficiary of her entire estate. Cox, the appellant in this appeal, filed a caveat to the probate of the will, after which Perez moved for summary judgment.[1] In its grant of summary judgment, the probate court first found that Cox did not have standing to object to the probate of the will as she had "no legal interest in the will." The court determined, however, that even if Cox had standing to object, "her Caveat to the Petition to Probate has been satisfied with the filing of the Original Will."

Cox thereafter filed a notice of appeal to the Superior Court of Whitfield County. In response, Perez filed a motion to dismiss the appeal in which he asserted that the superior court did not have jurisdiction over the appeal because pursuant to OCGA § 5-3-4 the superior court does not have jurisdiction over "[a] civil case in an Article 6 probate court." In her response in opposition to the motion to dismiss, Cox

---

[1] Felker's brother, James Hewitt, filed a competing petition to be appointed administrator and also a caveat asserting that the will produced by Perez had been revoked. The probate court found that Hewitt had standing to object to the probate of the will as the decedent's brother "because if the will is not probated, he will receive a portion of the intestate estate." Further, despite Hewitt's evidence that the decedent had purportedly revoked the will presented for probate by Perez, the probate court found that Hewitt had not satisfactorily shown that the will was either expressly or impliedly revoked, and, in addition to the grant of summary judgment to Perez, admitted the will for probate.

agreed that the superior court lacked jurisdiction, but asserted that the proper remedy was to transfer the appeal to this Court, rather than dismiss the appeal. The superior court agreed that it lacked jurisdiction, but, relying in large part on this Court's precedent in *Spence v. Dep't of Behavioral Health & Dev. Disabilities*, 359 Ga. App. 603 (859 SE2d 565) (2021), and *Sawyer v. City of Atlanta*, 257 Ga. App. 324, 327 (1) (571 SE2d 146) (2002), the superior court held that "it is not the proper remedy to transfer the appeal to the Georgia Court of Appeal," and dismissed the appeal. Cox appeals from that order.

Although the trial court found dismissal warranted by this Court's holdings in *Spence* and *Sawyer*, both opinions have since been disapproved to the extent that either case can be construed to authorize dismissal rather than transfer to this Court. See *Clark v. Gunn*, 2026 Ga. App. Lexis 28, 3 (__ SE2d __) (Case No. A25A1875, decided January 23, 2026). In *Clark*, the Court found the dismissal of a petition for appellate review in the Douglas County Superior Court from a final order of the Douglas County Probate Court improper because, upon concluding that it lacked jurisdiction, the superior court should have transferred the case to this Court for

review. *Clark*, 2026 Ga. App. Lexis at *5-6. In vacating the dismissal order and remanding the appeal for transfer to this Court, we referenced *Sawyer* as

> materially distinguishable from the instant case because it was a criminal case not subject to the constitutional requirement to transfer in civil cases set forth in Art. VI, Sec. I, Par. VIII,[2] and it was decided before the 2022 enactment of OCGA § 5-3-13 (b).[3] As for *Spence*, … it was also decided before the enactment of OCGA § 5-3-13 (b). But like the instant case, it was a civil case involving dismissal of an appeal of Article 6 probate court decisions that was wrongly filed in superior court. In affirming that dismissal, *Spence* failed to address the constitutional requirement of transfer set forth in Art. VI, Sec. I, Par. VIII.

*Clark*, 2026 Ga. App. at *5. (citations and punctuation omitted).

---

[2] The Georgia Constitution requires that "any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.

[3] , OCGA § 5-3-13 (b) provides:
Upon a finding by a lower judicatory, a reviewing court, the Court of Appeals, or the Supreme Court that venue is improper or jurisdiction is lacking for any petition for review, the clerk of the applicable court shall promptly transfer a petition for review to a court where venue and jurisdiction are proper in accordance with the rules and procedures applicable to the transferring court.

Here, it is undisputed that Whitfield County has a population over 90,000,[4] and a superior court does not have appellate jurisdiction over "[a] civil case in an Article 6 probate court[.]" OCGA § 5-3-4 (b) (6). "'Article 6 probate court' means a probate court with expanded jurisdiction as provided in Article 6 of Chapter 9 of Title 15." OCGA § 5-3-3 (1). That Article provides that such a probate court means a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future census in which the judge thereof has been admitted to the practice of law for at least seven years." OCGA § 15-9-120 (2). Such an Article 6 probate court's decisions may be appealed straight to an appellate court.

*Clark*, 2026 Ga. App. at *2.

"Accordingly, we vacate the order of the superior court dismissing [Cox's] appeal and remand the case to that court so that her appeal from the probate court … may be transferred to this Court for appellate review." Id. at *5 (citation and punctuation omitted).

*Judgment vacated and case remanded with direction. Brown, C. J., and Watkins, J., concur.*

---

[4] https://www.census.gov/quickfacts/douglascountygeorgia (showing Whitfield County's population at 102,884 as of the 2020 census).