### 62421. CITY OF ADAIRSVILLE v. BARTON et al.

BANKE, Judge.
The appellees were convicted in the Mayor's Court for the City of Adairsville on charges of violating a local ordinance prohibiting disorderly conduct. Each filed a direct appeal to the superior court pursuant to Code Ann. § 92A-510 (Ga. L. 1937-38, Extra Sess., p. 562). The city moved to dismiss the appeals for want of jurisdiction, and the Superior Court denied the motion. We granted the city's application for interlocutory appeal to this court. *Held:*
Code Ann. §§ 92A-501 and 92A-503 (Ga. L. 1937-38, Extra Sess., pp. 558, 559) extend the jurisdiction of probate courts and of the municipal courts, police courts, mayor's courts, and recorder's courts of incorporated towns and cities to prosecutions based on the violation of criminal laws "relating to traffic upon the public roads, streets, and highways of this state, where the penalty for the offense does not exceed that of the grade of misdemeanor." Section 92A-510 provides a right of direct appeal to the superior court "in case of a conviction of any defendant in the courts named in this chapter . . ." This language cannot be read in isolation so as to support a right of direct appeal regardless of the type of conviction but must instead be read in the context of the entire chapter, which deals only with the trial of traffic offenses committed on public roads. The defendants in this case were not convicted of a traffic offense committed on a public road but were convicted of disorderly conduct committed on the premises of a supermarket. The fact that each was issued a "Uniform

Traffic Citation," with the weather, road, and traffic conditions duly indicated thereon, does not alter this fundamental fact. Thus, the defendants did not have a right of direct appeal to the superior court pursuant to Code Ann. § 92A-510, but their remedy instead was to apply for certiorari pursuant to Code § § 19-101, et seq. The order of the trial court denying the city's motion to dismiss the appeals is accordingly reversed.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 5, 1981.

*William B. Greene,* for appellant.
*Jefferson L. Davis, Jr.,* for appellees.