S09A1977. WRIGHT v. ST. LAWRENCE.

(691 SE2d 880)

HUNSTEIN, Chief Justice.

Pro se appellant Lafayette Wright appeals the dismissal of his pre-trial petition for the writ of habeas corpus. Finding no error, we affirm.

It appears that Wright was arrested in November 2008 on

various traffic-related charges including, inter alia, driving the wrong way on a one-way street, fleeing to elude a police officer, and violation of the habitual violator statute. He was denied bond at arraignment, and counsel was appointed to represent him. On March 27, 2009, bond was set in the amount of $5,000.

Three days after issuance of the bond order, Wright filed his petition for habeas corpus, alleging constitutional violations based on ineffective assistance or denial of counsel; failure to hold a commitment hearing; failure to set bond; and failure to afford due process. Appended to the habeas petition was a "Petition for Civil Action Pursuant to 42 [USC §] 1983," setting forth claims of false imprisonment and unlawful detention and seeking damages against the Chatham County Detention Center and various officials. The trial court dismissed Wright's petition, finding that the petition failed to allege any viable ground for pre-trial relief and that the § 1983 claims were not properly before it.

"A writ of habeas corpus is not available to one who 'is imprisoned under lawful process issued from a court of competent jurisdiction unless his case is one in which bail is allowed and proper bail is tendered. . . .' [Cit.]" *Britt v. Conway*, 281 Ga. 189, 190 (637 SE2d 43) (2006). At the time he filed his habeas petition, Wright had been granted the right to post bond but apparently had not done so. Therefore, the trial court correctly determined that the petition on its face failed to allege any cognizable claim for habeas relief. Id.[1]

Moreover, it appears from Wright's filings in this Court that Wright was in fact released on bond on May 4, 2009. As Wright is by his own admission no longer in custody and has not alleged any "'significant restraints on [his] liberty other than physical custody,' [cit.]" *Farris v. Slaton*, 262 Ga. 713 (3) (425 SE2d 291) (1993), his habeas petition is now moot. The trial court's dismissal thereof must be affirmed on this basis as well.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 2010.

Lafayette Wright, *pro se.*

*Spencer Lawton, Jr., District Attorney, R. Jonathan Hart, Lisa G. Colbert, Assistant District Attorneys*, for appellee.

---

[1] For the same reason, the habeas court did not err by dismissing the petition without a hearing. Id.