304 Ga. 841
FINAL COPY


S18A1479. BEAVERS et al. v. PROVOST.


BETHEL, Justice.

Pro se appellants Jack and Lynette Beavers (Appellants) appeal from the dismissal of their petition for habeas relief. Finding no error, we affirm.

Appellants are the parents of three minor children. On May 12, 2017, the children were taken from the Appellants' custody by the Paulding County Division of Family and Children Services (DFCS) and law enforcement officers and placed in temporary foster care. Three days later, on May 15, 2017, DFCS filed a complaint in juvenile court seeking a dependency removal order (DRO). A DRO regarding the children was entered that day following a hearing. A week later, on May 22, 2017, DFCS filed a dependency petition regarding each of the children.[1] On June 23, 2017, the juvenile court entered an Order of Adjudication and Disposition (A&D Order) which, inter alia, found that the Appellants had failed to adequately address past issues of family violence and required them to participate in a

---

[1] A copy of this petition does not appear in the record.

family violence assessment and training program and to immediately enroll the children in therapeutic services. Under the A&D Order, DFCS was to maintain temporary legal and physical custody of the children pending a permanency hearing.The subject matter of this appeal is a habeas petition that was filed by the Appellants on March 23, 2018, seeking to regain custody of their children following the entry of the A&D Order. In their petition, the Appellants asserted that the children were taken from them without a proper and valid court order and that the juvenile court had improperly issued the DRO.[2] DFCS answered, asserting that it (and not James Provost, the director of the Paulding County DFCS) had legal custody of the children pursuant to a valid juvenile court order.

DFCS then moved to dismiss the habeas petition, arguing that the question of the children's dependency and custody was being decided in ongoing juvenile court proceedings, that the juvenile court has exclusive

---

[2] Specifically, the habeas petition alleges that DFCS initially took the children into custody in non-emergent circumstances, that they were initially taken into custody for a purpose not authorized by law, that the DRO was a nullity (or alternatively was void) because it was not signed by a judge, that the DRO was void because it failed to recite facts establishing the juvenile court's personal jurisdiction over the children and venue in Paulding County, that the juvenile court did not have subject matter jurisdiction to issue the DRO because DFCS made no allegation of dependency before the DRO was issued, that the DRO was void as to one of the children because it made no findings specific to her, that the DRO was void due to vagueness and ambiguity, and that the DRO was obtained on the basis of fraud.

jurisdiction to hear dependency cases, and that habeas corpus was not an available remedy in this case. DFCS further argued that the proper method for the Appellants to challenge DFCS's custody of the children was by appealing the juvenile court's orders in the dependency case, which the Appellants have done.[3] DFCS also argued that the Appellants' claims were barred by res judicata.

The habeas court dismissed the petition and alternately denied it, finding that it was improper because the dependency issues should be and were tried in juvenile court, a dispositive order had already been entered in the juvenile court proceedings, and that even if the habeas court were to assume jurisdiction over the habeas petition, petitioners were not entitled to any of the relief requested. The Appellants timely appealed, invoking this Court's jurisdiction over habeas cases.

Even in circumstances in which superior courts can entertain a habeas petition relative to a child custody matter, the habeas petition must allege a cognizable claim for relief at the time it is filed. *Wright v. St. Lawrence*, 286 Ga. 690, 691 (691 SE2d 880) (2010). Here, the Appellants' petition alleged a

---

[3] See *In the Interest of H. B.*, 346 Ga. App. 163, 173-175 (7) (816 SE2d 313) (2018) (affirming A&D Order and temporary placement of children with Paulding County DFCS).

number of defects with the DRO obtained by DFCS allowing for the initial removal of the children from their custody. However, the A&D Order entered by the juvenile court superseded the DRO,[4] effectively mooting each of the issues the Appellants raise regarding the validity of the DRO. Thus, because the Appellants' habeas petition attacks only the validity of the DRO, it does not present a cognizable claim for relief on which the habeas court could have acted. We therefore affirm the dismissal of the Appellants' habeas petition.

Judgment affirmed. All the Justices concur, except Warren, J., disqualified.

---

[4] While the DRO initially granted DFCS custody of the children, the A&D Order provided that "temporary legal and physical custody and control of [the] children be hereby continued with [DFCS]."

Decided December 10, 2018 — Reconsideration denied January 22, 2019.

Habeas corpus. Paulding Superior Court. Before Judge Bucci.

Jack Beavers, <u>pro se</u>.

Lynette Beavers, <u>pro se</u>.

<u>Christopher M. Carr, Attorney General, Annette M. Cowart, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Penny L. Hannah, Gayle Abramson, Assistant Attorneys General</u>, for appellee.