# Court of Appeals
# of the State of Georgia

ATLANTA,  March 24, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1448.  IN RE HENRY ADELEYE.**

After the City of Atlanta Municipal Court adjudicated attorney Henry Adeleye guilty of contempt of court and imposed a $150 fine, Adeleye filed a direct appeal to this Court.  We lack jurisdiction.

Appellate review of a municipal court judgment generally lies in superior court.[1]  See OCGA § 5-4-3.  Where, as here, the case does not involve a traffic offense, the appeal must be initiated by filing a petition for a writ of certiorari in the superior court.  Compare OCGA § 40-13-28 (a defendant convicted of a traffic offense has a right of direct appeal to the superior court), with *Adairsville v. Barton*, 159 Ga. App. 810, 810-811 (285 SE2d 581) (1981) (while a right of direct appeal to the superior court lies from a conviction for a traffic offense in municipal court, appellate review of a non-traffic-offense conviction in municipal court must be initiated by seeking certiorari review in the superior court) (addressing former Ga. Code Ann. §§ 19-101 and 92A-510, the predecessors to OCGA §§ 5-4-3 and 40-13-28); accord *Dunn v. Mulling*, 108 Ga. App. 9, 9 (131 SE2d 794) (1963) (addressing appeal from superior court ruling on certiorari review of a municipal court adjudication of contempt); see also generally OCGA § 5-4-3 (a "party in any case in any inferior judicatory" who "is dissatisfied with the decision or judgment in the case . . . may apply for and obtain a writ of certiorari by petition to the superior

---

[1] The General Assembly has created an exception for final judgments of the Municipal Court of Columbus, Muscogee County, which are directly appealable to this Court or the Supreme Court as if a judgment from a state or superior court.  See Ga. L. 1983, pp. 4443, 4454, § 33 (c).

court for the county in which the case was tried"); *Reed v. State*, 229 Ga. App. 817, 819-820 (b) (495 SE2d 313) (1997) ("[A]n appeal of a municipal court conviction is filed as a writ of certiorari in superior court, and an appeal of a state court conviction is filed with this Court."). If the party is then aggrieved by the decision of the superior court, an application for discretionary review may be filed in this Court. See OCGA § 5-6-35 (a) (1). Absent an appealable superior court order, we are unable to entertain jurisdiction over this case.[2] Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction. Cf. *Zornes v. State*, 262 Ga. 757, 757-759 (1) & (2) (426 SE2d 355) (1993) (affirming the dismissal of a direct appeal to superior court that should have been initiated by seeking certiorari review in state court); *Sawyer v. City of Atlanta*, 257 Ga. App. 324, 324-327 (1) (571 SE2d 146) (2002) (affirming the dismissal of a direct appeal of misdemeanor convictions to superior court that should have been appealed to this Court).



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __03/24/2020__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.

---

[2] For this reason, Adeleye's reliance on OCGA § 5-6-34 (a) (2) – which permits direct appeals to be taken to the Supreme Court or this Court from contempt judgments rendered in, inter alia, superior courts and constitutional city courts – has no bearing here, as that statute does not, on its face, govern appeals from municipal court judgments. Compare OCGA §§ 5-4-3; 40-13-28; see also generally OCGA § 5-4-20 (distinguishing between constitutional city courts and municipal courts); *Nickerson v. State*, 287 Ga. App. 617, 618-620 (1) & n. 2 (652 SE2d 208) (2007) (same); *City of Lawrenceville v. Davis*, 233 Ga. App. 1, 3 (1) (a) (502 SE2d 794) (1998) (while municipal courts "are courts of the municipalities in which they are located, the legislature created city courts as part of the state court system").