## HOLDER *v.* BEAVERS.

1. Where a person accused of violating a municipal ordinance is brought before the municipal court having jurisdiction to try and punish offenders against the ordinance, and a formal charge is made against such person and served on him according to law, it is not sufficient cause for his release in advance of the time set for trial, on writ of habeas corpus, that his arrest was unlawful.
2. The writ of habeas corpus is not an available remedy for the release from custody of a person charged with a violation of a municipal ordinance, on the ground that he has been previously put in jeopardy, where such person has an adequate remedy to review the judgment of the court, if adverse to his plea of autrefois acquit.

JANUARY 13, 1914.

Habeas corpus. Before Judge Bell. Fulton superior court. October 21, 1913.

*William M. Smith,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

EVANS, P. J. Sam Holder applied for a writ of habeas corpus against the chief of police of the City of Atlanta, alleging his illegal detention at police headquarters. The respondent made his return, admitting some and denying other allegations of the application. The court heard evidence, and refused to discharge the applicant; and exception is taken to this judgment.

1. There was no traverse of the respondent's return, and the evidence did not conflict with it. From the evidence it appears that the applicant was arrested by two policemen, late on the

afternoon of October 17th, and carried to police headquarters, and a charge was docketed against him of violating § 1640 of the City Code of Atlanta, commonly known as "the traveling-blind-tiger ordinance." He was served with a summons, in the prescribed form, to appear before the recorder's court on the afternoon of the next day, which was Saturday, and was incarcerated in the city prison in default of an appearance bond in the sum of $300. He was brought before the acting recorder at the time fixed for trial, and evidence was heard by the recorder. After one of the witnesses had testified in part, the recorder orally announced that applicant was not guilty of violating City Code § 1640, but that the testimony indicated a violation of § 1489, which forbade the keeping of intoxicating liquors on hand for the purpose of unlawful sale. The recorder then changed the charge in the summons, which alleged a violation of § 1640, and substituted a charge of having violated § 1489, and continued the case to the following Tuesday. Applicant objected to the change in the charge against him, and to the continuance of the case; and immediately applied for the writ of habeas corpus. Applicant contends that his detention was unlawful, because his arrest was without warrant and illegal; that under the foregoing facts he was entitled to a judgment of acquittal of the original charge; and that, having been put in jeopardy, he can not be tried under the substituted charge, which is predicated on the same transaction included in the first charge.

The writ of habeas corpus is not a substitute for a writ of error or other proceeding for the review and correction of errors occurring in the course of a criminal or quasi criminal trial. It is not designed to interrupt the orderly administration of law by a court of competent authority acting within its jurisdiction. There is no contention that the recorder's court was without jurisdiction to try offenders against either of the ordinances, nor is there any issue made as to the propriety or legality of the amended summons. In his brief, counsel for the plaintiff in error states that no complaint is made to the "technical sufficiency of the form of the accusation." The applicant insists that the procedure subsequent to his arrest was void, because his arrest was unlawful. But this point is not tenable. There is a clear distinction between a want of jurisdiction over the person and the subject-matter, and an irreg-

ularity in obtaining jurisdiction over the person. The bare fact that a person is unlawfully arrested and brought before a court of competent jurisdiction, wherein a charge is preferred against him according to its procedure, does not show such want of jurisdiction as would authorize his discharge on habeas corpus in advance of his trial. Ex parte Ah Men, 77 Cal. 198 (19 Pac. 380, 11 Am. St. R. 263) ; Mahon v. Justice, 127 U. S. 700 (8 Sup. Ct. 1204, 32 L. ed. 283).

2. Nor is the second ground of alleged illegality of procedure a sufficient basis for discharge by writ of habeas corpus. Upon the support of decided cases, as well as upon sound argument, Mr. Bishop says that notwithstanding a discharge of a jury after jeopardy begins operates as an acquittal, still the remedy for release is not by habeas corpus. 2 Bish. New. Cr. Pr. § 821. The accused has ample remedy to compel a trial; and if he pleads former jeopardy and his plea is found against him, his remedy of certiorari is adequate and complete. *Hudson* v. *Preston,* 134 *Ga.* 222 (67 S. E. 800).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*