[Crim. No. 1005. First Appellate District, Division One.—July 14, 1921.]

## In re Application of ERNEST E. D. SPAGNOLI for a Writ of Habeas Corpus on Behalf of EDMUND MURPHY.

[1] CRIMINAL LAW—INMATE OF STATE PRISON—TRIAL ON PENDING INDICTMENTS—HABEAS CORPUS.—A person confined in the state prison under a judgment of conviction of a felony is not in a position to avail himself of a proceeding in *habeas corpus* to secure his release, based upon the alleged refusal without cause to proceed to the trial of the defendant on other indictments returned at the same time as the indictment on which he was convicted.

[2] ID.—POSTPONEMENT OF TRIAL—DISMISSAL OF INDICTMENT—MANDAMUS.—Where the superior court, without good cause, has postponed the trial of a defendant, without his consent, beyond the sixty days' within which the statute requires he must be tried or the indictment against him dismissed, he is entitled to relief by a proceeding in *mandamus,* on a proper showing, to compel a dismissal of the indictment.

APPLICATION for a Writ of Habeas Corpus. Denied.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Petitioner.

THE COURT.—This is an application for a writ of *habeas corpus.* From the facts alleged in the petition, it appears that Edmund Murphy is confined in the state prison at San Quentin under and by virtue of a certified copy of a judgment of the superior court of the city and county of San Francisco, based upon the conviction of said Murphy of the crime of rape. Coincident with the return of the indictment upon which he was convicted, the grand jury returned five other indictments, accusing the defendant with

various felonies growing out of the same offenses. Petitioner complains that the superior court refuses, without cause, to proceed to trial on any of the charges contained in said last-mentioned indictments.

[1] Assuming that to be true, the petitioner is not in a position to avail himself of this proceeding in *habeas corpus.* [2] Where the superior court, without good cause, has postponed the trial of a defendant, without his consent, beyond the sixty days within which the statute requires he must be tried or the indictment against him dismissed, he is entitled to relief by a proceeding in *mandamus,* on a proper showing, to compel a dismissal of the indictment. (*In re Ford,* 160 Cal. 334, [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757].)

The application for the writ is denied.