JACKSON *v.* LOWRY, sheriff.

No. 7832. JULY 15, 1930. REHEARING DENIED JULY 30, 1930.

*R. R. Jackson* and *C. E. Moore,* for plaintiff.

*John A. Boykin, solicitor-general,* and *John S. McClelland, solicitor,* for defendant.

GILBERT, J. It appears from the record that the defendant was indicted for charging excessive interest on small loans. A bench warrant was issued, under authority of which the defendant was arrested. The record makes no mention of any proceeding to try the case on the indictment. On the contrary, Jackson, the defendant named in the indictment, without awaiting trial on the merits

of the criminal case, brought habeas corpus, alleging that he was unlawfully detained by the sheriff. Thus it is obvious that the accused seeks to avoid a trial on the merits of the case, and to substitute, for the usual proceedings in the court duly organized under the constitution and laws of the State to try that issue, another and an extraordinary remedy. No fact is alleged or shown to warrant the conclusion that the defendant will not be speedily and impartially tried in the regular way, according to due process. This is a misdemeanor case. It can not be questioned that the defendant could have and may have been immediately released on small bail, as well when he was arrested as after the trial on habeas corpus. If the applicant, Jackson, can ignore the criminal prosecution in the court in which it is pending, choose his own remedy and own forum in such a case as this, any person charged with the infraction of any law or municipal ordinance may do likewise. In the most trivial case, where any person is arraigned in a recorder's court, if the present proceeding is permitted, he may ignore the court in which the prosecution is pending, and institute habeas corpus in the superior court, the effect of which would be the overburdening of the most important trial court, where litigation is expensive, and where the adjudication of important cases would be delayed by a flood of petty litigation which should and could be ended in the courts where it originated. The Penal Code (1910), § 1305, declares: "No person shall be discharged upon the hearing of habeas corpus in the following cases, to wit: 1. Where he is imprisoned under lawful process issued from a court of competent jurisdiction, unless in cases where bail is allowed and proper bail is tendered. . . 3. Where the party is imprisoned under a bench warrant regular upon its face." In this case the defendant had been arrested by the sheriff under a bench warrant, the regularity and sufficiency of which is not questioned, the contention being that the law on which the indictment appears to be based has been impliedly repealed.

In 29 Corpus Juris, 18, § 10, it is said: "Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus [*Holder* v. *Beavers,* 141 *Ga.* 217 (80 S. E. 715) ; Johnson *v.* Hoy, 227 U. S. 245, 33 Sup. Ct. 240,

57 L. ed. 497) ; Jones *v.* Perkins, 245 U. S. 390 (38 Sup. Ct. 166, 62 L. ed. 358], there being another adequate remedy [Ex parte Spagnoli, 53 Cal. App. 523 (200 Pac. 836) ; McLaughlin *v.* Barr, 191 Ky. 346 (230 S. W. 304) ; Peo. *v.* Lawes, 182 N. Y. S. 545], and no necessity for issuance of this high extraordinary writ [In re Lincoln, 202 U. S. 178 (26 Sup. Ct. 602, 50 L. ed. 984)]." All courts agree that habeas corpus can not be substituted for a writ of error. *Strickland* v. *Thompson, 155 Ga.* 125 (116 S. E. 593) ; 29 Corpus Juris, 19, § 11 ; 12 Ruling Case Law, 1185, § 8. There was no question as to the validity of the bench warrant. The question here raised has been settled against movant in *Strickland* v. *Thompson,* supra, where the court said : "Whether an act charged is or is not a crime by the law which the court administers is a question within its jurisdiction, and hence not determinable on habeas corpus." *Judgment affirmed. All the Justices concur.*