### HARRIS *v.* WHITTLE, sheriff.

ATKINSON, Presiding Justice. 1. The writ of habeas corpus is an available remedy for release of one illegally restrained of his liberty. Code, § 50-101. Detention by arrest under a bench warrant based on an indictment regular upon its face (§ 27-801) is not illegal; and consequently the writ of habeas corpus is not available for discharge of one so arrested. § 50-116 (3). See 29 C. J. 45, § 37; *Holder* v. *Beavers,* 141 *Ga.* 217 (2) (80 S. E. 715); *Jackson* v. *Lowry,* 170 *Ga.* 755 (154 S. E. 228). The judge did not err in refusing to discharge the accused on writ of habeas corpus.

2. It is unnecessary to pass on other assignments of error in reference to the right of the State to place a person on trial under an indictment for robbery by force, where such person had been previously acquitted under an indictment for murder committed during an attempted robbery, based on the same facts, and dependent for conviction upon the same evidence as was depended upon in the trial for murder.

*Judgment affirmed. All the Justices concur.*

No. 13435. SEPTEMBER 24, 1940. REHEARING DENIED OCTOBER 15, 1940.

*Pierce Brothers, Benjamin E. Pierce Jr.,* and *C. Franklin Pierce,* for plaintiff.

*George Hains* and *J. Cecil Davis, solicitors-general,* for defendant.