### 30196. HOLLIS v. ALLEN.

HALL, Justice.

By habeas corpus petition filed in Carroll County Superior Court on February 20, 1974, Hollis challenged the legality of a certain prison sentence imposed upon him in 1973 in Cobb County for burglary. He alleged that he was denied counsel in that felony proceeding. To date, the merits of this claim have received no consideration.

In response to that petition, at the evidentiary hearing held thereon the respondent introduced evidence of unexpired Douglas County sentences Hollis was then serving and which he did not attack. Respondent argued that under *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832), Hollis could not attack a future sentence. The court agreed and dismissed the petition as premature by order dated March 20, 1974.

On April 4, 1975, Hollis filed in the same court another petition re-alleging the merits of his no-counsel claim but stating that the Douglas County sentences had now been fully served. Perhaps misled by the fact that this important new allegation was buried in the text of what otherwise appeared to be close to a verbatim copy of the first petition, the trial court almost immediately dismissed the petition as successive on April 10, 1975, by order stating that "the matters complained of . . . were previously decided . . . on a petition filed by this petitioner on February 20, 1974." No evidence of the correctness or incorrectness of Hollis' allegation that the older sentences had expired was taken or appears. Hollis appeals this April 10, 1975 dismissal of his petition.

The record made on the first petition does not show whether the challenged Cobb County sentence was consecutive to the Douglas County sentences or whether it was a concurrent but longer sentence. At the present date it no longer makes any difference, nor does it make any difference whether the Douglas sentence has expired or not.

It has long been true that a prisoner could attack a future consecutive sentence even before he began serving it. Peyton v. Rowe, 391 U. S. 54; *Parris v. State,* 232 Ga. 687, 689 (208 SE2d 493). At the time both of Hollis' petitions were dismissed, Georgia had not yet abolished the "concurrent sentence doctrine" under which a prisoner in many circumstances could not attack by habeas corpus a sentence he was currently serving if other unchallenged sentences were also being currently served. However, on May 6, 1975, this court abolished the concurrent sentence doctrine in Georgia and ruled that a felony conviction might be attacked despite the presence of other concurrent sentences. *Atkins v. Hopper,* 234 Ga. 330 (216 SE2d 89). After *Atkins,* the reasoning of *Mullennix v. Balkcom* on this point retains no validity.

Consequently, regardless of the arrangement of his sentences, Hollis is entitled to have his challenge to the Cobb sentence decided on the merits, and accordingly we remand for that purpose.

*Judgment remanded with direction. All the Justices concur.*

Submitted August 8, 1975 — Decided September 16, 1975.

Harry Jackson Hollis, *pro se.*

Arthur K. Bolton, Attorney General, E. Carl Prince, Jr., for appellee.