S94A0965. KEARSE v. PAULK.
(448 SE2d 369)

CARLEY, Justice.

After appellant had been indicted for several offenses, but prior to his trial, he filed a pro se petition for habeas corpus. The habeas court dismissed appellant's petition and he appeals.

" 'A writ of habeas corpus looks only to the lawfulness of the present confinement. It does not deal with the lawfulness of a possible future imprisonment. . . . [Cit.]' [Cits.]" *Mullennix v. Balkcom*, 213 Ga. 490 (99 SE2d 832) (1957), overruled on other grounds, *Hollis v. Allen*, 235 Ga. 211 (219 SE2d 108) (1975). In his pro se petition, appellant did not purport to state a claim for habeas corpus relief based upon the asserted illegality of his current pre-trial detention, but al-

---

leged only that his counsel's current representation pending trial has not been effective.

> Detention by arrest under a bench warrant based on an indictment regular upon its face ([cit.]) is not illegal; and consequently the writ of habeas corpus is not available for discharge of one so arrested. [Cits.]

*Harris v. Whittle*, 190 Ga. 850 (1) (10 SE2d 926) (1940).

> "Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus [cits.], there being another adequate remedy [cits.], and no necessity for issuance of this high extraordinary writ [cit.]."

*Jackson v. Lowry*, 170 Ga. 755, 756-757 (154 SE 228) (1930).

It follows that the habeas court correctly dismissed appellant's petition for pre-trial habeas corpus relief.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 1994.

James Kearse, *pro se.*

H. Lamar Cole, *District Attorney*, J. David Miller, Bradford M. Shealy, *Assistant District Attorneys*, for appellee.