S05A0214. TABOR v. THE STATE.
(610 SE2d 59)

THOMPSON, Justice.

Via indictment, Stuart Tabor was charged with four counts of carrying a weapon within a school safety zone in violation of OCGA § 16-11-127.1. After entering a plea of not guilty, Tabor filed a pretrial petition for a writ of habeas corpus asserting that he was being detained unlawfully because at the time in question the weapons were in the locked compartment of an automobile. See OCGA § 16-

11-127.1 (c) (8). The petition was denied and Tabor brought this direct appeal.[1]

We find no error in the denial of habeas corpus relief. Inasmuch as his criminal trial is pending, Tabor can raise the issues he raised in his petition for habeas corpus, and present evidence to defend himself, upon the trial of the case. *Kearse v. Paulk*, 264 Ga. 509 (448 SE2d 369) (1994), citing *Jackson v. Lowry*, 170 Ga. 755, 756-757 (154 SE 228) (1930). See also *Oduok v. Bowden*, 272 Ga. 778 (535 SE2d 241) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2005.

Stuart Tabor, *pro se.*

N. Stanley Gunter, *District Attorney*, Jeremy D. Clough, *Assistant District Attorney*, Thurbert E. Baker, *Attorney General*, for appellee.

---

[1] See *Smith v. Nichols*, 270 Ga. 550, 551 (1) (512 SE2d 279) (1999) (direct appeal lies when pretrial habeas corpus petitioner is in custody in lieu of bond).