S06A1529. BRITT v. CONWAY.
(637 SE2d 43)

CARLEY, Justice.

David Britt was arrested on a warrant charging him with theft by taking. Thereafter, an accusation was filed and defense counsel was appointed to represent him. During the pendency of the criminal case, Britt filed a pro se petition seeking issuance of a writ of habeas corpus. However, the habeas court denied relief and dismissed the petition. Britt appeals pro se from the habeas court's order.

Contrary to Britt's contention, he was not entitled to appointed counsel in the habeas corpus proceeding. *Gibson v. Turpin*, 270 Ga. 855 (513 SE2d 186) (1999). He also urges that the habeas court was required to make a determination of his mental state. However, that was an issue to be addressed in the context of the criminal prosecution.

" 'Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly

procedure by trial and appeal should not be interfered with by a writ of habeas corpus (cits.), there being another adequate remedy (cits.), and no necessity for issuance of this high extraordinary writ (cit.).'" [Cit.]

*Kearse v. Paulk*, 264 Ga. 509, 510 (448 SE2d 369) (1994).

Although it appears that the habeas court did not conduct a hearing, "where the petition and exhibits attached thereto disclose without contradiction that the petition is without merit, it is not error to dismiss the same without a hearing." *Bass v. Ault*, 229 Ga. 309-310 (191 SE2d 73) (1972). A writ of habeas corpus is not available to one who "is imprisoned under lawful process issued from a court of competent jurisdiction unless his case is one in which bail is allowed and proper bail is tendered . . . ." OCGA § 9-14-16 (1). Britt did not seek issuance of the writ on the ground that he had tendered proper bail in connection with his then-pending prosecution on the criminal charge. Therefore, his petition failed to state any viable claim for pre-conviction habeas corpus relief. Accordingly, the habeas court did not err in dismissing the petition without first conducting a hearing on its merits.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

David E. Britt, *pro se.*
Daniel J. Porter, District Attorney, Julie L. Johnson, James M. Cavin, *Assistant District Attorneys*, for appellee.