S07A0193. MUNGIN v. ST. LAWRENCE et al.
(641 SE2d 541)

CARLEY, Justice.

Charles Mungin is the defendant in a pending criminal action. Acting pro se, he filed a pre-trial habeas corpus petition. After reviewing the pleading, the habeas court found that it failed to allege any viable ground for relief. Accordingly, the habeas court denied the petition without conducting an evidentiary hearing, concluding that the issues Mungin raised therein could be asserted in the pending criminal prosecution. Mungin appeals from the habeas court's dismissal order.

"[W]hen the habeas court is able to determine from the face of the petition that it is without merit . . . it [is] appropriate to dismiss the petition without a hearing. [Cits.]" *Mitchell v. Forrester*, 247 Ga. 622, 623 (278 SE2d 368) (1981). Here, the habeas corpus court noted that all of the issues Mungin raised in his petition relate to matters that he can assert in the context of his pending prosecution.

> "Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus [cits.], there being another adequate remedy [cits.], and no necessity for issuance of this high extraordinary writ [cit.]"

*Jackson v. Lowry*, 170 Ga. 755, 756-757 (154 SE 228) (1930). Mungin contends that this principle does not apply here, because one of the grounds upon which he sought habeas corpus relief was that he stands acquitted because of the State's failure to comply with his demand for a speedy trial under OCGA § 17-7-170.

However, the issue of whether Mungin's prosecution is barred pursuant to OCGA § 17-7-170 is a statutory defense which he can raise in the trial court where the criminal action is pending. That

claim is not relevant to the validity of his current pre-trial detention, and relates exclusively to the asserted illegality of any future post-conviction imprisonment. " 'A writ of habeas corpus looks only to the lawfulness of the present confinement. It does not deal with the lawfulness of a possible future imprisonment. . . . [Cit.]' [Cits.]" *Mullennix v. Balkcom*, 213 Ga. 490 (99 SE2d 832) (1957), overruled on other grounds, *Hollis v. Allen*, 235 Ga. 211, 212 (219 SE2d 108) (1975). Therefore, the alleged failure of the State to comply with Mungin's statutory demand for a speedy trial does not constitute an exception to the rule that pre-trial habeas corpus relief cannot be predicated upon a claim which can be raised in the pending prosecution. Instead, that ground, as all the others asserted in his petition, clearly falls outside the ambit of cognizable pre-trial habeas corpus claims. There-fore, the habeas court correctly dismissed Mungin's petition without conducting an evidentiary hearing. See *Tabor v. State*, 279 Ga. 98 (610 SE2d 59) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

Charles Mungin, *pro se.*
*R. Jonathan Hart, Emily E. Garrard*, for appellees.