S08A0609. BRITT v. CONWAY.
(660 SE2d 526)

HINES, Justice.

This is a pro se appeal by prisoner David Britt from an order of the Superior Court of Gwinnett County granting the respondent sheriff's motion to dismiss Britt's pre-conviction application for a writ of habeas corpus. Finding no error, we affirm.

On August 1, 2007, Britt was arrested on a charge of child molestation, and denied bond. On October 23, 2007, a Gwinnett County grand jury indicted Britt for two counts of child molestation and one count of enticing a child for indecent purposes. He is incarcerated in the Gwinnett County Detention Center pending trial on the charges. On September 21, 2007, Britt filed the present pro se application for a writ of habeas corpus, alleging the ineffective assistance of the counsel representing him at the preliminary hearing, insufficient evidence of his guilt at such hearing, perjury of the arresting officer at the preliminary hearing and in procuring the arrest warrant, and that the arrest warrant was void. On October 18, 2007, the sheriff filed an answer and moved to dismiss the application on the basis that it was without merit on its face. On November 5, 2007, the habeas court issued its order granting the sheriff's motion to dismiss, after finding that Britt is being held under lawful process, that he has an adequate remedy in the pending trial, that he is

represented by counsel, and that his detention is authorized by law. Britt filed a notice of appeal from the dismissal on November 16, 2007.[1]

Britt challenges the dismissal, lodging numerous complaints including, inter alia, that pursuant to OCGA § 9-14-16,[2] the habeas court was required to hold a hearing on his application for writ of habeas corpus, that impeached evidence, perjury, and the ineffectiveness of his counsel resulted in his indictment and various "violations of protected rights."

As this Court plainly stated in Britt's previous pro se appeal from the dismissal of a pre-conviction application for a writ of habeas corpus during the pendency of his criminal case for theft by taking,

> [w]here the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus, there being another adequate remedy, and no necessity for issuance of this high extraordinary writ.

(Citations and punctuation omitted.) *Britt v. Conway*, 281 Ga. 189, 189-190 (637 SE2d 43) (2006). As to the dismissal of the application for the writ without a hearing, where the application on its face

---

[1] It appears that Britt was appointed new counsel on December 19, 2007; but, counsel has not made an appearance in this appeal. Also, this Court has received a supplement to the record indicating that on December 10, 2007, Britt pro se filed a "notice of appeal" from a notice of trial court costs issued by the office of the Clerk of the Superior Court of Gwinnett County on November 21, 2007. The "notice of appeal" on its face contains additional complaints by Britt regarding costs; however, the record reveals that on September 21, 2007, the superior court issued an order finding that Britt was indigent to the extent that he be allowed to proceed in forma pauperis.

[2] OCGA § 9-14-16 provides:
No person shall be discharged upon the hearing of a writ of habeas corpus in the following cases:
(1) When he is imprisoned under lawful process issued from a court of competent jurisdiction unless his case is one in which bail is allowed and proper bail is tendered;
(2) By reason of any irregularity in the warrant or commitment where the same substantially conforms to the requirements of law;
(3) For want of bond to prosecute;
(4) When the person is imprisoned under a bench warrant which is regular upon its face;
(5) By reason of any misnomer in the warrant or commitment when the court is satisfied that the person detained is the party charged with the offense;
(6) When the person is in custody for a contempt of court and the court has not exceeded its jurisdiction in the length of the imprisonment imposed; or
(7) In any other case in which it appears that the detention is authorized by law.

discloses that it is without merit, a hearing in the matter is not warranted. Id. at 190. Moreover, "[a] writ of habeas corpus is not available to one who 'is imprisoned under lawful process issued from a court of competent jurisdiction unless his case is one in which bail is allowed and proper bail is tendered. . . .' OCGA § 9-14-16 (1)." Id. As in his prior pre-conviction application for a writ of habeas corpus, Britt does not seek habeas relief on the ground that he has tendered proper bail in connection with the pending prosecution on the criminal charges. Id. Therefore, the present application does not state a viable claim for pre-conviction habeas corpus relief; accordingly, it was not error to dismiss the petition without a hearing.[3] Id.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008.

David Britt, *pro se.*
Daniel J. Porter, *District Attorney*, Alston C. McNairy, *Assistant District Attorney*, for appellee.

---

[3] Britt has also filed a document complaining of an "Order on Request for Relief or Hearing on Plea of Former Jeopardy" issued by the Superior Court of Gwinnett County on March 10, 2008; however, such order is not at issue in this appeal. As previously noted, Britt was appointed new counsel on December 19, 2007, following the filing of this pro se appeal. An "[a]ppellant does not have the right to be represented by counsel and also to represent himself." *Garland v. State*, 283 Ga. 201, 203 (657 SE2d 842) (2008), citing *Johnson v. State*, 266 Ga. 775 (9) (470 SE2d 637) (1996).