## S08A1708. THOMAS v. WARREN.
(671 SE2d 837)

HINES, Justice.

Otis Patrick Thomas appeals the denial of his pre-trial application for writ of habeas corpus following his arrest for failure to register his new address, as a convicted sex offender, pursuant to OCGA § 42-1-12 (f) (5).[1] For the reasons that follow, we affirm the denial of habeas corpus relief.

---

[1] OCGA § 42-1-12 (f) (5) provides:
Any sexual offender required to register under this Code section shall:

In 2001, Thomas was charged in a five-count indictment with rape, false imprisonment, aggravated assault, aggravated stalking, and possession of a firearm during the commission of a felony in connection with an incident with his ex-wife. In 2002, Thomas pled guilty to all five counts including Count 1 which charged rape; however, in regard to Count 1, he pled guilty to the charge of aggravated assault. As part of his sentence, Thomas served time in a detention center. Upon his release, Thomas was directed to register as a sex offender. He subsequently moved to Cobb County, but did not register his change of address. Thomas was arrested and charged in Cobb County with failure to register as a convicted sex offender. Prior to his trial in superior court, Thomas filed the present application for a writ of habeas corpus, seeking his release from custody. The Superior Court of Cobb County denied the writ.

Thomas applied for habeas corpus relief on the basis that he did not violate OCGA § 42-1-12 in that he could not be required to register as a convicted sex offender because he pled guilty to the charge of aggravated assault, which failed to specify the intent to commit rape, and because at the time of his sentencing following the plea, he was not told that he would be required to so register. But, this claim is not a viable basis for pre-trial habeas corpus relief because it is properly asserted in the context of Thomas's pending criminal prosecution. *Mungin v. St. Lawrence*, 281 Ga. 671 (641 SE2d 541) (2007).

> Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus, there being another adequate remedy, and no necessity for issuance of this high extraordinary writ.

(Citations omitted.) Id. The contention that Thomas's plea to aggravated assault and his consequent sentencing did not trigger the registration requirements of OCGA § 42-1-12 (f) (5) is a defense to the pending criminal charge and is not relevant to the validity of

---

. . .
Update the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information, other than residence address; if the information is the sexual offender's new residence address, the sexual offender shall give the information to the sheriff of the county with whom the sexual offender last registered within 72 hours prior to any change of residence address and to the sheriff of the county to which the sexual offender is moving within 72 hours after establishing the new residence.

Thomas's current pre-trial detention. *Mungin v. St. Lawrence* at 672; see also *Tabor v. State*, 279 Ga. 98 (610 SE2d 59) (2005). Thus, the sole basis for the present application for writ of habeas corpus falls outside the ambit of cognizable pre-trial habeas corpus claims. *Mungin v. St. Lawrence* at 672.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2009.

*Robert H. Alexander III*, for appellant.

*Patrick H. Head*, District Attorney, *Dana J. Norman, John R. Edwards, Reuben M. Green*, Assistant District Attorneys, for appellee.