S09A0977. STEVENS v. CLAYTON COUNTY DETENTION CENTER et al.
(686 SE2d 121)

HINES, Justice.

Daquan L. Stevens, incarcerated while awaiting trial, sought a writ of habeas corpus. The superior court dismissed his petition. Stevens appeals and this Court affirms the dismissal.

In two indictments that named a total of eleven defendants and set forth ninety-four counts, Stevens was charged with eight counts of malice murder, as well as associated acts of felony murder, aggravated assault, burglary, and other crimes. Before trial, and while incarcerated in Clayton County,[1] Stevens filed in the Superior Court of Clayton County a petition for a writ of habeas corpus, asserting that the "hearing court" failed to establish its subject matter jurisdiction, his arrest was without probable cause, his privilege against self-incrimination had been violated, and that prosecution of him would constitute double jeopardy.

The superior court did not err in dismissing the petition.

> Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus, there being another adequate remedy, and no necessity for issuance of this high extraordinary writ.
>
> Although it appears that the habeas court did not conduct a hearing, where the petition and exhibits attached thereto disclose without contradiction that the petition is without merit, it is not error to dismiss the same without a hearing. A writ of habeas corpus is not available to one who is imprisoned under lawful process issued from a court of competent jurisdiction unless his case is one in which bail is allowed and proper bail is tendered. OCGA § 9-14-16 (1). [Stevens] did not seek issuance of the writ on the ground that he had tendered proper bail in connection with his then-pending prosecution on the criminal charge[s]. Therefore, his petition failed to state any viable claim for pre-conviction habeas corpus relief. Accordingly, the habeas court did not err in dismissing the petition without first conducting a hearing on its merits.

*Britt v. Conway*, 281 Ga. 189 (637 SE2d 43) (2006) (citations and punctuation omitted).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 2009.

Daquan L. Stevens, *pro se.*

---

[1] Stevens was indicted by a Fulton County grand jury and awaits trial in Fulton County, but is being housed in Clayton County pursuant to an agreement between the counties.

*Tracy G. Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.