S10A1461. WILLIAMS v. REECE.
(701 SE2d 188)

MELTON, Justice.

Justin Eric Williams, acting pro se, appeals the denial of his pre-trial application for a writ of habeas corpus. For the reasons set forth below, we affirm the denial.

The record shows that Williams was arrested on May 17, 2009 for violating the Georgia RICO Act, and he remains incarcerated. At a first appearance and bond hearing before a magistrate judge on May 18, 2009, Williams was denied bond based upon a finding that he is a flight risk. Williams has been represented in the underlying criminal matter by the public defender, but he is acting pro se in these habeas proceedings. Williams filed his application for writ of habeas corpus on February 1, 2010, and he raised two arguments: (1) that he had been denied a bond hearing and (2) that "the statute of limitation for indictment has expired." After a hearing, the habeas court rejected Williams' claims, holding that: (1) because he had never applied for bail or requested any hearing on that subject, he could not first seek bail through a habeas proceeding and (2) the statute of limitation had not run on the charges against Williams

---

and, in any event, his claims to that effect would have to be pursued as a part of his ongoing criminal proceedings.

Each of these rulings is proper. With regard to Williams' claims regarding bond, there is no indication in the record that he has made any motion for bond following his original appearance before a magistrate. Likewise, there is no indication that he has been prevented from doing so.

> Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him, the orderly procedure by trial and appeal should not be interfered with by a writ of habeas corpus, there being another adequate remedy, and no necessity for issuance of this high extraordinary writ.

(Citations and punctuation omitted.) *Britt v. Conway*, 281 Ga. 189, 189-190 (637 SE2d 43) (2006). To the extent that Williams maintains that he is now entitled to bail, he must first seek that remedy through the orderly procedures available to him in the underlying criminal matter. Id.

With regard to Williams' claim that the statute of limitation for his indictment has expired, the habeas court also ruled correctly. Because this claim may be raised

> in [Williams'] pending prosecution, [the claim] may not serve as the basis for pre-trial habeas corpus relief. See *Smith v. Brown*, 286 Ga. 137 (686 SE2d 760) (2009); *Perera v. Miller*, 283 Ga. 583 (662 SE2d 544) (2008); *Mungin v. St. Lawrence*, 281 Ga. 671, 671-672 (641 SE2d 541) (2007).

*Thomas v. Freeman*, 287 Ga. 136 (695 SE2d 22) (2010).
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 2010.

Justin E. Williams, *pro se*.
*Groover & Childs, William H. Noland*, for appellee.