A10A2173. JEFFERSON v. THE STATE.
(707 SE2d 496)

ADAMS, Judge.

On September 30, 1993, following a trial in the Superior Court of DeKalb County but before the jury reached a verdict, Eric Jefferson pleaded guilty to aggravated assault with intent to rape an adult female; the incident had occurred on July 9, 1992. He was sentenced to five years to serve with credit for time served. He was not required to register in Georgia as a sex offender at the time. In fact, the sex offender registration statute did not become law until 1996. See Ga. L. 1996, p. 1520, § 1. When passed, it required prisoners who had previously been convicted of a "sexually violent offense" or "an offense that has as its element engaging in physical contact with another person with intent to commit such an offense," who were released from prison on or after July 1, 1996, to register. Id. Jefferson was released from prison in 1997 but did not register. He asserts that

---

he was never told to do so until recently, when the State took out a warrant for his arrest for failing to register. He now resides in Louisiana.

On April 20, 2010, Jefferson petitioned the Superior Court of DeKalb County to be relieved of the requirements of OCGA § 42-1-12 et seq. on the ground that aggravated assault with intent to rape was not listed in the statute as a "sexually violent offense" until 2005. See Ga. L. 2005, p. 453, § 1. See also OCGA § 42-1-12 (a) (10) (A) (i). Jefferson also asserted that he is not a "sexual predator" as defined in the statute and that the evidence presented at trial did not show that he had been physically violent with the victim.

On May 11, 2010, the superior court denied the petition. The court construed Jefferson's petition as "a motion for determination of whether he must register as a sex offender," and it reasoned that whether a person is required to register is controlled by OCGA § 42-1-12, not by the sentencing court. The court also reasoned that registration as a sex offender is controlled by the state of residence, not the convicting court. The court cited OCGA § 42-1-12 (g) for the proposition that Jefferson should petition the court in the county in which he resides.

Jefferson contends the trial court erred by concluding that it lacked jurisdiction to hear his petition. He relies on former OCGA § 42-1-12 (g) (1) (2009), which, as of the date of Jefferson's petition and the trial court's order, provided that a sexual offender could petition the court for release from the registration requirements and that the petition may be filed in the "jurisdiction in which the sexual offender is registered":

> Any sexual offender required to register under this Code section who meets the criteria set forth in paragraph (2) of this subsection may petition the superior court of the jurisdiction in which the sexual offender is registered to be released from the registration requirements of this Code section.

OCGA § 42-1-12 (g) (1) (2009).

But according to the plain words of the statute then in effect, Jefferson was not authorized to file in the Superior Court of DeKalb County because he was not registered there. "Where statutory language is plain and unequivocal and leads to no absurd or impracticable consequence, the court has no authority to place a different construction upon it." (Citation and punctuation omitted.) *Frazier v. State*, 284 Ga. 638, 641 (2) (668 SE2d 646) (2008).

Meanwhile, the relevant statute was revised shortly after the trial court's order. And "[a]n appellate court must apply the law as

it exists at the time of its judgment and may, therefore, even reverse a judgment that was correct at the time it was rendered, where, as here, the law has changed in the meantime and no vested rights are impaired. [Cits.]" *Outdoor Systems v. Cobb County*, 274 Ga. 606, 608 (1) (555 SE2d 689) (2001). Cf. *Fowler Properties v. Dowland*, 282 Ga. 76, 78 (1) (646 SE2d 197) (2007) (mere procedural changes in the law may operate retrospectively).

As of May 20, 2010, subsection (g) now provides:

> A sexual offender required to register under this Code section may petition to be released from the registration requirements and from the residency or employment restrictions of this Code section in accordance with the provisions of Code Section 42-1-19.

OCGA § 42-1-12 (g); see also Ga. L. 2010, p. 168, § 9. And OCGA § 42-1-19 provides that "[a] petition for release pursuant to this Code section shall be filed in the superior court of the jurisdiction in which the individual was convicted." OCGA § 42-1-19 (b) (1); see also Ga. L. 2010, p. 168, § 15. Although under these changes a person "required to register" may file suit in the jurisdiction where he was convicted, Jefferson contends he was never required to register. Again, we find no authority for Jefferson's approach.

Jefferson appears to have at least three options: register and then file a motion under OCGA § 42-1-12 (g) in the Superior Court of DeKalb County; raise the need to register as a defense to the charge of failure to register, *Thomas v. Warren*, 284 Ga. 788, 789-790 (671 SE2d 837) (2009); or file a motion to vacate an illegal sentence. See, e.g., *Jackson v. State*, 299 Ga. App. 356 (683 SE2d 60) (2009).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 11, 2011 —
RECONSIDERATION DENIED MARCH 18, 2011.

Eric Jefferson, *pro se.*

Gwendolyn Keyes Fleming, *District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

