309 Ga. 184
FINAL COPY

S20A1277. TUMLINSON v. DIX.

ELLINGTON, Justice.

This Court granted Marcus Tumlinson's application for a discretionary appeal to consider whether the Superior Court of Spalding County erred in dismissing his petition for pre-trial habeas corpus relief without considering the merits of his claims or holding a hearing.[1] For the reasons that follow, we vacate the habeas court's dismissal order and remand the case to the habeas court with direction.

Tumlinson was arrested on May 19, 2019, and is in the custody of the respondent, Daryl Dix, Sheriff of Spalding County. Tumlinson was indicted on July 9, 2019, and charged with two counts of aggravated sexual battery, three counts of child molestation, and three counts of sexual battery against a child under the age of 16.

---

[1] Upon granting the application, we expedited the appeal and treated the application and the response as the briefs on the merits, stating that no additional briefing was required.

Because Tumlinson was charged with the offense of aggravated sexual battery, he may obtain bail on that charge only before a superior court judge. OCGA § 17-6-1 (a) (8). On August 8, 2019, Tumlinson filed a motion with the trial court seeking bond; after a hearing, the trial court entered an order denying the motion on September 10, 2019. The trial court thereafter denied Tumlinson's timely request for a certificate of immediate review.

On October 22, 2019, Tumlinson filed a petition for habeas corpus relief. Citing *Ayala v. State*, 262 Ga. 704, 705 (425 SE2d 282) (1993), he argued that he was being illegally detained because the trial court had flagrantly abused its discretion in denying his motion for bond. He argued that he had met his burden of showing that the trial court was authorized to release him on bond because he posed no significant risk of fleeing, threatening the community, committing another crime, or intimidating witnesses.[2] He further informed the habeas court that he had been denied a certificate of

---

[2] See OCGA § 17-6-1 (e) (setting forth the criteria authorizing the trial court to release a person on bail).

immediate review to seek an interlocutory appeal of the bond order. The respondent, through the District Attorney, denied the allegations of the complaint and asserted that Tumlinson was not entitled to habeas relief because he "had failed to exhaust his administrative remedies" and failed to "comply with the requirements of OCGA § 9-14-44."[3] On April 13, 2020, the habeas court dismissed the petition without considering its merits or holding a hearing, stating that "habeas relief is unavailable on bail issues because they can be raised in the pending criminal case."

An order denying bond is interlocutory and may be reviewed by an appellate court following the grant of a certificate of immediate review. *Mullinax v. State*, 271 Ga. 112 (515 SE2d 839) (1999) ("The interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) are required to obtain review of an order denying or setting pre-trial bond."). Additionally, in those cases where the petitioner

---

[3] OCGA § 9-14-44 pertains to the content and verification of petitions for habeas corpus relief filed by *prisoners under sentence* of a Georgia court of record. This case involves a pre-trial habeas petition governed by Article 1 of the Habeas Corpus Act, OCGA § 9-14-1 et seq.

lacks an adequate remedy in the trial court or appellate court, as when he is unable to seek an interlocutory appeal from an order denying bond because the trial court has denied a request for a certificate of immediate review, a habeas court has the authority to review the merits of a habeas petition in which the petitioner claims that he is being unlawfully detained based on the alleged illegal denial of bond. Compare *Daker v. Warren*, 288 Ga. 799, 800 (709 SE2d 222) (2011) ("The habeas court had the authority to review Daker's petition asserting that he was illegally denied bail."), with *Williams v. Reece*, 288 Ga. 46, 47 (701 SE2d 188) (2010) (A petition for a writ of habeas corpus regarding bond will not lie when the petitioner has not availed himself of a motion for bond in the trial court.). A trial court may dismiss or deny such a petition without a hearing, however, if the petition and any exhibits attached thereto reveal without contradiction that the petitioner's cognizable claims (which include claims under *Ayala*, supra) are without merit. *Daker*, 288 Ga. at 800. See also *Britt v. Conway*, 281 Ga. 189, 190 (637 SE2d 43) (2006) ("[W]here the petition and exhibits attached thereto

disclose without contradiction that [a habeas] petition is without merit, it is not error to dismiss the same without a hearing." (citation and punctuation omitted)). Here, however, the habeas court made no finding in its dismissal order that Tumlinson's petition and any exhibits attached to it revealed "without contradiction" that his claims are without merit. See *Britt*, 281 Ga. at 190.

Because the record shows that Tumlinson has exhausted his efforts to seek an interlocutory review of the trial court's order denying him bond in this case, and because he has no other adequate remedy for meaningful review of the lawfulness of his continued detention, the habeas court erred in concluding that it lacked the authority to consider the merits of Tumlinson's petition for pre-trial habeas relief on this basis. We therefore remand this case and direct the habeas court to consider Tumlinson's petition and any exhibits thereto and, if necessary, to conduct a hearing.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 16, 2020.

Habeas corpus. Spalding Superior Court. Before Judge Edwards.

*Jordan K. Van Matre*, for appellant.

*Marie G. Broder, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General; Beck, Owen & Murray, James R. Fortune, Jr.*, for appellee.