**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 9, 2022

S22A0503.  PHILLIPS v. JACKSON, Judge et al.

PETERSON, Presiding Justice.

A judge of the Municipal Court of Atlanta believed that Carey Phillips's traffic citation gave rise to "quasi-bond" conditions that it could — and did — modify in order to restrict Phillips's driving privileges. Phillips disagreed, but instead of appealing the municipal court judge's order, he sought pretrial habeas relief against the municipal court judge and the City of Atlanta Solicitor. Counsel for the respondents did not attempt to defend the judge's order on the merits, arguing only that Phillips's habeas petition was procedurally improper on several grounds. The habeas court denied relief, partly on the ground that Phillips had an adequate remedy at law and so could not seek habeas. We agree and affirm, albeit identifying a different legal remedy than did the habeas court.

According to undisputed allegations in his habeas petition and record evidence, Phillips was issued a speeding citation under OCGA § 40-6-181. As provided in OCGA § 17-6-11 (a), he displayed his driver's license in lieu of being arrested, incarcerated, or ordered to post a bond.[1] He tried to enter a negotiated plea to a reduced speeding charge, but the municipal court rejected this. Over

[1] OCGA § 17-6-11 (a) provides in relevant part as follows:
(1) When an individual is apprehended by an officer for the violation of the laws of this state or ordinances relating to the offenses listed in paragraph (2) of this subsection, he or she may display his or her driver's license and be issued a uniform traffic citation in lieu of being:
    (A) Brought before the proper magistrate or other judicial officer;
    (B) Incarcerated;
    (C) Ordered to post a bond; or
    (D) Ordered a recognizance for his or her appearance for trial.
(2) This subsection shall apply to any violation:
    (A) Of Title 40 except any offense:
        (i) For which a driver's license may be suspended for a first offense by the commissioner of driver services;
        (ii) Covered under Code Section 40-5-54 . . . .
(3) The apprehending officer shall include the individual's driver's license number on the uniform traffic citation. The uniform traffic citation, duly served as provided in this Code section, shall give the judicial officer jurisdiction to dispose of the matter.
(4) Upon display of the driver's license, the apprehending officer shall release the individual so charged for his or her further appearance before the proper judicial officer as required by the uniform traffic citation.

Phillips's objection, that court set a bond hearing to determine whether to restrict or suspend Phillips's driving privileges as a purported bond condition. In a written order issued after the hearing, the municipal court cited its statutory authority to set bail for misdemeanors.[2] It observed that Phillips had "never been ordered to post a bond for this charge" and that his duty to appear for hearings was "a 'quasi' bond" under the citation. The municipal court decided to "amend[]" the so-called quasi-bond, applying the analysis that it would for a bond revocation. It ordered that Phillips could drive only for work, medical and schooling appointments, religious activities, and essential shopping until further judicial order. Notwithstanding these permissible driving purposes, the court also ordered him to surrender his license.

---

[2] The court cited three statutes: OCGA §§ 15-10-2 (a) (3) ("Each magistrate court and each magistrate thereof shall have jurisdiction and power over the following matters: . . . . The holding of courts of inquiry . . . ."); 17-6-1 (b) (1) (deeming misdemeanors and certain felonies "bailable by a court of inquiry" and stating that for misdemeanor bonds, courts "shall impose only the conditions reasonably necessary to ensure such person attends court appearances and to protect the safety of any person or the public given the circumstances of the alleged offense and the totality of circumstances"); and 36-32-3 (giving municipal court judges criminal powers equal to magistrates).

Phillips filed a habeas petition naming the municipal court judge and city solicitor as respondents. He contended that the municipal court lacked the authority to set bond conditions because there was no bond on which to set conditions, "[t]here was no hearing," and "[t]here was no evidence proffered or accepted." The habeas court denied relief in a written order. It held, among other things, that Phillips could not seek habeas relief because he had an adequate remedy at law. We agree, although the remedy we see available to Phillips is not the remedy identified by the habeas court.[3]

---

[3] The habeas court relied on the interlocutory appeals process set out in OCGA § 5-6-34. But this process was not available to Phillips; the statute only applies to certain classes of courts, not including municipal courts. The statute does apply to constitutional city courts, but the Atlanta municipal court is not a constitutional city court. See *Wickham v. State*, 273 Ga. 563, 567-568 (544 SE2d 439) (2001) (observing that the City Court of Atlanta existed under direct constitutional authority, not as a statutorily established municipal court); *Nickerson v. State*, 287 Ga. App. 617, 618-620 (1) (652 SE2d 208) (2007) (noting General Assembly's 2005 abolition of Georgia's city courts, including the City Court of Atlanta, and transfer of all cases from the City Court of Atlanta to the Municipal Court of Atlanta).

Separately, the parties dispute whether the habeas court correctly held that the named respondents were not the proper parties to the action, and that the municipal court lacked jurisdiction over Phillips's case once it was bound over to state court such that the habeas court could not have granted any relief. Our resolution of this case makes deciding these issues unnecessary.

4

Georgia's habeas corpus statute has two articles. The second article "provides the exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record." OCGA § 9-14-41. Phillips cannot pursue relief under this article because his liberty is not being restrained by virtue of a sentence; his prosecution is still pending.

Under the first article of Georgia's habeas corpus statute, by contrast, "[a]ny person restrained of his liberty under any pretext whatsoever, except under a sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." OCGA § 9-14-1 (a). This article applies to pretrial habeas petitions like Phillips's, but the ability to seek relief under it is subject to an important limitation. As we have explained, habeas corpus under this article is unavailable "[w]here the proceedings under which the petitioner['s liberty is restrained] are still pending undisposed of, and the ordinary established procedure is still available to him," as long as there is "another adequate remedy" and

5

so "no necessity for issuance of this high extraordinary writ." See *Williams v. Reece*, 288 Ga. 46, 47 (701 SE2d 188) (2010) (punctuation and citation omitted). Phillips's prosecution was still pending at the time of his habeas petition, and he had an adequate remedy at law in that pending proceeding. Phillips's case was bound over to state court on August 3, 2021, and he could have sought relief there. "All bonds taken under requisition of law in the course of a judicial proceeding may be amended and new security given if necessary." OCGA § 17-6-18. The state court, then, had authority to modify Phillips's bond, including by removing all conditions other than his appearance in court. This would have restored Phillips to the position he was in before the municipal court acted and so adequately remedied any deficiency in the municipal court's order. See OCGA § 17-6-11 (a) (4) ("Upon display of the driver's license, the apprehending officer shall release the individual so charged for his or her further appearance before the proper judicial officer as

6

required by the uniform traffic citation.").[4]

Had the state court declined to modify the order, Phillips could have then sought a certificate of immediate review in order to pursue an interlocutory appeal. See OCGA § 5-6-34 (a)-(b) (authorizing interlocutory appeals from certain judgments and rulings of superior courts and "other courts or tribunals from which appeals are authorized by the Constitution and laws of this state"); OCGA § 15-7-43 (a) ("The general laws and rules of appellate practice and procedure which are applicable to cases appealed from the superior courts of this state shall be applicable to and govern appeals from the state courts."); *Tumlinson v. Dix*, 309 Ga. 184, 185

---

[4] Respondents argue that Phillips's remedy was a writ of certiorari in the superior court. But it is unclear whether Phillips could have sought certiorari review, given that certiorari to a superior court is generally available only from a final judgment. See OCGA § 5-4-6 (a) ("All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed."); *Hayes v. Brown*, 205 Ga. 234, 237 (52 SE2d 862) (1949) (interpreting this statutory language to mean that a "writ of certiorari will lie only after the rendition of a final judgment" (citing *Singer Mfg. Co. v. McNeal Paint & Glass Co.*, 117 Ga. 1005, 1006-1007 (44 SE 801) (1903))). In observing this, we do not mean to express any opinion on how superior court review of inferior courts' decisions may be affected by the recently enacted statute establishing uniform review procedures for such cases, which becomes effective on July 1, 2023. See 2022 Ga. L. 875 (HB 916).

(844 SE2d 765) (2020) ("An order denying bond is interlocutory and may be reviewed by an appellate court following the grant of a certificate of immediate review."). If the state court declined to issue the certificate, only then could Phillips have sought habeas relief. See *Tumlinson*, 309 Ga. at 185-186 ("[I]n those cases where the petitioner lacks an adequate remedy in the trial court or appellate court, as when he is unable to seek an interlocutory appeal from an order denying bond because the trial court has denied a request for a certificate of immediate review, a habeas court has the authority to review the merits of a habeas petition in which the petitioner claims that he is being unlawfully detained based on the alleged illegal denial of bond."). And at least on the record before us, it appears that all these potential remedies remain available to Phillips today.

Phillips additionally argues that he can pursue habeas relief because "there was no evidence tendered to the municipal court and . . . the court itself acted to both prosecute and determine the issue of bond, creating a due process issue that leaves the resulting

8

order of the court a void order reachable by habeas." But the habeas court's conclusion that Phillips had an adequate remedy at law does not depend on a conclusion that the municipal court's proceedings were themselves proper. Indeed, although we do not decide any merits-related questions, we have serious concerns about the municipal court's actions, and note that counsel for the respondents does not attempt to defend the order of the municipal court on its merits.

Phillips's ability to seek modification of his bond by the state court — an adequate remedy at law — precluded his filing a habeas petition. For this reason, pretrial habeas relief is not available to him at this time. See *Kearse v. Paulk*, 264 Ga. 509, 510 (448 SE2d 369) (1994). Accordingly, we affirm.[5]

*Judgment affirmed. All the Justices concur.*

---

[5] While the habeas court's order is cast as "denying" Phillips's petition, rather than dismissing it, a "denial" is not necessarily a denial, and therefore does not require remand unless the habeas court "decided the merits of a motion it lacked jurisdiction to decide." *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017). None of the three bases given by the habeas court in its order were merits-related: the court ruled that habeas was not the proper vehicle, the named respondents were not proper parties, and the matter was moot. Because the habeas court did not rule on the merits of Phillips's suit, the denial was a constructive dismissal under *Brooks* that we can, and do, affirm.