NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: January 18, 2023

S22A1204.  GAY v. JACKSON, Judge et al.

PINSON, Justice.

Donovan Gay received a speeding ticket and pleaded not guilty. While his case was still pending, he filed a pretrial petition for habeas corpus to challenge pretrial restrictions on his driving privileges. The habeas court dismissed the petition, and we now affirm the dismissal. As we recently held in *Phillips v. Jackson*, 314 Ga. 347 (877 SE2d 185) (2022), pretrial habeas relief under OCGA § 9-14-1 (a) is not available when, as here, the proceedings under which the petitioner's liberty is restrained are still pending and he can seek relief under ordinary established procedures. Because Gay could have asked (and as far as we can tell from the record, still may ask) the state court to remove the restrictions in question and could seek an interlocutory appeal if the court refused, pretrial habeas

relief is not available to him at this time.

1. According to the undisputed evidence in the petition and record, Gay received a uniform traffic citation for driving 100 miles per hour in a 60-mile-per-hour zone. When he was cited, he displayed his driver's license in lieu of being arrested, jailed, or ordered to post bond, as OCGA § 17-6-11 (a) (1) allowed. The citation, which Gay signed, stated that he was ordered to appear in court to dispose of the charges and warned that his driver's license would be suspended if he failed to appear.

Gay appeared in court, pleaded not guilty, and invoked his right to a jury trial, which meant that the case would be bound over to state court. Before the case was bound over, the municipal court ordered Gay to surrender his driver's license and restricted most of his driving privileges, finding that he posed a danger to other drivers in light of his youth (he was 20 years old) and his excessive speeding. The municipal court characterized this action as a bond modification. In the court's view, although Gay was not subject to a bond in the usual sense, he was subject to a "quasi bond" because

2

his license would have been suspended if he had not shown up in court. The municipal court concluded that it had authority to modify that "quasi bond."[1] Gay's case was then bound over to state court for adjudication.

Gay filed a petition for habeas corpus, naming as respondents the municipal court judge and the solicitor general of Atlanta. The respondents filed a motion to dismiss; Gay did not respond. The habeas court granted the motion and dismissed the petition on several threshold grounds, including that the petition was never properly served on the respondents, that the respondents were not the proper parties, that the respondents were entitled to immunity, and that a habeas petition was not the proper vehicle for Gay to challenge the restriction on his driver's license because other remedies were available to him.

2. A person "restrained of his liberty," but not "under sentence

---

[1] In *Phillips*, which issued after the municipal court here relied on this "quasi bond" theory, we noted "serious concerns" about similar actions the municipal court took in that case on the same theory. *Phillips*, 314 Ga. at 350. Although we make no decision on the merits of the municipal court's actions here, we reiterate those concerns.

of a state court of record," "may seek a writ of habeas corpus to inquire into the legality of the restraint" under OCGA § 9-14-1 (a). We have said that this provision applies to a "pretrial habeas petition[]" like the one Gay filed here. *Phillips*, 314 Ga. at 349. We have also pointed out that this provision includes an "important limitation": habeas relief is not available under OCGA § 9-14-1 (a) if "the proceedings under which the petitioner's liberty is restrained are still pending undisposed of, and the ordinary established procedure is still available to him." Id. (quoting *Williams v. Reece*, 288 Ga. 46, 47 (701 SE2d 188) (2010)) (cleaned up). In other words, having "another adequate remedy" available in the form of pending proceedings relieves the need to issue "this high extraordinary writ" to challenge the legality of the restraint in question. Id. (citation and punctuation omitted).

Gay's petition must be dismissed for this reason. We recently explained why in *Phillips*, which addressed the claims of a habeas petitioner in the same posture as Gay. See *Phillips*, 314 Ga. at 347-348. There, as here, the petitioner's case was bound over to state

4

court after the municipal court imposed restrictions on his driving privileges, and the petitioner sought pretrial habeas relief under OCGA § 9-14-1 (a). See id. at 349. We affirmed the habeas court's dismissal, reasoning that the petitioner could have asked the state court to remove any conditions on the petitioner's "bond" other than his appearance in court, see id. (citing OCGA § 17-6-18), and if the state court declined to do so, the petitioner could have sought an interlocutory appeal, see id. (citing OCGA § 5-6-34 (a)-(b)). Because these potential remedies were available to the petitioner when he sought habeas relief, and it appeared that they remained available to him at the time of our decision, we held that pretrial habeas relief was not available. See id. at 350.

This case is on all fours with *Phillips*. Gay's case was still pending when he filed his habeas petition, so he had the same remedies available for challenging the restrictions on his driving privileges.[2] And as far as we can tell from the record before us, his

---

[2] The record shows that Gay filed his habeas petition before his case was officially bound over to state court. But either the municipal court or the state

case remains pending in state court, and these remedies remain available to Gay. So, as in *Phillips*, pretrial habeas relief is not available to Gay at this time. See *Phillips*, 314 Ga. at 350; *Williams*, 288 Ga. at 47.

*Judgment affirmed. All the Justices concur.*

---

court had the authority to modify Gay's "bond." See OCGA § 17-6-18 (describing availability of bond modification); Georgia Municipal Court Rule 18.4 ("The municipal court has the authority to amend any bail previously authorized by the municipal court under the provisions of OCGA § 17-6-18."). So there is no question that the "ordinary established procedure" for seeking relief from his bond was available to Gay. See *Phillips*, 314 Ga. at 349.